400 A.2d 182

**COMMONWEALTH of Pennsylvania**

v.

**Derek GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Decided March 23, 1979.

Donald M. Moser, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

VAN der VOORT, Judge:

Appeal is taken from judgments of sentence rendered following jury trial and verdicts of guilty of robbery, criminal conspiracy, and possession of instrument of crime.[1] Post trial motions were made and denied.

Stated briefly, the facts are that on January 4, 1974, shortly after 9:00 P.M., appellant and a cohort entered a bar in Philadelphia. As the latter, brandishing a shotgun, moved toward the bartender to inform him of the "stick-up", appellant held customers near the street door at bay with an automatic pistol. When one of the customers moved in the direction of that door, Green stated "Don't move or I'll kill you", and in fact pulled the trigger several times, fortunately to no avail. Patrons then noticed the intruders' plan going awry, and several rushed appellant and the other man. Appellant was pushed out the door; and the shotgun was wrenched away from his cohort, who was escorted to and through the door. Fortuitously, the patrons ran to secure the rear door from inside, and did so just as one leg and the automatic pistol protruded through the opened door, which was immediately closed.

During voir dire, after several panels of prospective jurors had been interrogated, appellant's counsel objected to the Commonwealth's use of its peremptory challenges. It was alleged that 17 of these challenges had been used to strike black jurors, allegedly to the prejudice of appellant, himself black. The lower court overruled the objection, pointing out that each side's use of its peremptory challenges was its prerogative.[2] Further, lengthy discussion ensued as to the questionable merits of counsel's argument about discrimination against his client in the light of the

1. "Crimes Code," Act of 1972, Dec. 6, P.L. 1482, No. 334, 18 Pa.C.S. §§ 3701, 903, and 907(a), respectively. Not relevant herein are the demurrers sustained to several counts of these indictments, and to a separate bill of indictment.

2. The lower court noted that at the time of the objection, appellant had used 18 of its peremptory challenges to remove 18 white prospective jurors from service.

fact that the prosecution would soon exhaust its full complement of challenges and then be obliged to accept the jurors in the order in which they were called (unless challenged for cause). The court concluded that counsel's argument would fail at that point. Appellant now reiterates his argument that the Commonwealth used its peremptory challenges to exclude blacks from the jury, in contravention of appellant's due process rights, and alleges as error below the refusal to strike the panel as selected. We are not willing to interfere with either side's use of its peremptory challenges, absent a showing of a pattern of discrimination. A bald assertion of such, as here made by appellant, does not establish the type of prejudicial discrimination discussed in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965). There is nothing in the facts of this case to show an illegal systematic exclusion of blacks from appellant's jury. *Commonwealth v. Martin*, 461 Pa. 289, 336 A.2d 290 (1975) and *Commonwealth v. Jones*, 246 Pa.Super. 521, 371 A.2d 957 (1977).

Next appellant argues that conviction of violation of § 907(a) of the "Crimes Code", stating that "A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally", does not comprehend definitionally the possession of a hand gun. This position has been held to have no merit. *Commonwealth v. McNear*, 238 Pa.Super. 177, 353 A.2d 39 (1977), affirmed per curiam 478 Pa. 19, 385 A.2d 975 (1978).

Lastly, appellant argues that even though he waived the provisions of *Pa.R.Crim.P.* Rule 1100(a)(1), so that a pending case charging him with murder could be disposed of, his rights were nonetheless contravened by no date being set to end the running of the extended date for commencement of trial. The questioned period is not the type of Rule 1100(d)(2) continuance requested by the defendant and discussed in *Commonwealth v. Coleman*, 477 Pa. 400, 383 A.2d 1268 (1978), for which there must be a stated end. Said rule is to be applied prospectively from the date of the *Coleman* decision and the defendant's requested continuance instantly was pre-*Coleman*. Furthermore, appellant never

filed a Rule 1100(f) application to dismiss. The argument is therefore waived. *Commonwealth v. Wallace*, 475 Pa. 27, 379 A.2d 558 (1977) and *Commonwealth v. Matt*, 248 Pa.Super. 538, 375 A.2d 371 (1977).

Judgments of sentence affirmed.

SPAETH, J., concurs in the result.

JACOBS, former President Judge, and HOFFMAN, J., did not participate in the consideration or decision of this case.