466 A.2d 192

**COMMONWEALTH of Pennsylvania**

v.

**Juan MARTINEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted May 4, 1983.

Filed Sept. 30, 1983.

---

Daniel Paul Alva, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before McEWEN, CIRILLO and HOFFMAN, JJ.

CIRILLO, Judge:

We are called upon to consider defense counsel's request to withdraw from further representation in this case.

On December 7, 1979, following a bench trial before the Honorable Thomas N. Shiomos, the appellant, Juan Martinez, was convicted of possession of a controlled substance (heroin) with intent to deliver.[1] After a presentence investigation and the denial of post-verdict motions, the appellant was sentenced to a term of imprisonment of not less than 6 months nor more than 23 months. On March 25, 1980, a notice of appeal to the Superior Court was filed. Thereafter, a copy of a brief was filed by counsel for the appellant along with counsel's petition for leave to withdraw. A copy of the brief was served upon the appellant with notice of his right to retain new counsel or raise any additional arguments or points. Counsel maintains that there are no properly preserved issues on which he could reasonably base an argument to secure appellate relief for the appellant. The evidence adduced at trial indicated that on the evening of January 1, 1979, an officer in plain clothes knocked on the door of the residence at 2933 North Mutter Street in Philadelphia. The appellant opened the door, permitted the officer to enter, and asked what he wanted. The officer stated that he wished to purchase two bags of heroin and the appellant responded that they would cost $20.00 each. Afterward, the appellant walked over to a pile of laundry, picked up a banlon sock, took out several white

---

1. *As amended,* the Act of December 30, 1974, P.L. 1041, No. 340, § 1, 35 P.S. 780–113(a)(30).

packets, and gave two of the packets to the police officer. The officer then gave the appellant $40.00 in marked bills which he put in his pocket. The appellant was subsequently arrested. The appellant denied selling heroin to the officer for he knew the alleged buyer to be a policeman. The appellant also testified that he was not the owner of the aforementioned residence, the marked money was not found on his person, but rather was under a laundry bag, and that the money had been given to him by an unknown female to whom he had sold heroin at the instructions of the owner of the residence.

■ Before counsel may be allowed to withdraw in this instance, he must determine that the appeal is frivolous after a thorough examination of the record. Then he must, 1) request permission of the court to withdraw; 2) accompany his request with a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of such brief to the client in time to allow him to present the appeal in propria persona or request appointment of new counsel. *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); *Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968); *Commonwealth v. Worthy,* 301 Pa.Super. 46, 446 A.2d 1327 (1982).

Counsel had requested permission to withdraw. He also has submitted a proper *Anders* brief which evidences a profound effort to uncover grounds to support the appeal. Furthermore, counsel has also met the requirements of notifying the appellant of his request to withdraw, furnishing him with a copy of the brief, and advising the appellant of his right to retain new counsel or raise any points that he may deem worthy of consideration.

Once appellate counsel has met all the requirements attendant to his request to withdraw, "[a]t that point it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is wholly frivolous." *Commonwealth v. McClendon,* 495 Pa. 467, 471,

434 A.2d 1185, 1187 (1981). After an exhaustive review of the record, we agree with counsel's conclusion that the appeal is in fact wholly frivolous.

■■■ The only issue preserved by post-verdict motions is whether or not the evidence was sufficient to support the conviction. The test for sufficiency of the evidence is whether, accepting as true all evidence and all inferences therefrom, which if believed, the fact finder could have based the verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime for which he has been convicted. *Commonwealth v. Volk,* 298 Pa.Super. 294, 444 A.2d 1182 (1982); *Commonwealth v. Gray,* 297 Pa.Super. 123, 443 A.2d 330 (1982). It is the province of the trier of facts to pass upon the credibility of witnesses and the weight to be accorded to the evidence produced. The fact finder is free to believe all, part or none of the evidence. *Commonwealth v. Stockard,* 489 Pa. 209, 413 A.2d 1088 (1980); *Commonwealth v. Tate,* 485 Pa. 180, 401 A.2d 353 (1979); *Commonwealth v. Lawton,* 272 Pa.Super. 40, 414 A.2d 658 (1979). Absent a "manifestly erroneous" result, such a determination must remain undisturbed. *Commonwealth v. Garvin,* 448 Pa. 258, 293 A.2d 33 (1972); *Commonwealth v. Daniels,* 281 Pa.Super. 334, 422 A.2d 196 (1980).

■■ The trial judge chose to believe the testimony of the police officer rather than the appellant. Such a determination was patently reasonable. This testimony, we conclude, was clearly sufficient to convict the appellant of possession of a controlled substance with intent to deliver.

Having found from our independent study of the record that the appeal was wholly frivolous, we grant counsel's request to withdraw. Because of our conclusion that the appeal is entirely without merit and there being no basis for the relief sought, we also affirm the judgment of sentence. *See: Commonwealth v. McClendon, supra.; Compare: Commonwealth v. Bradley,* 311 Pa.Super. 160, 457 A.2d 544 (1983) (WIEAND, J., dissenting).

Request to withdraw is granted.

Judgment of sentence is affirmed.

HOFFMAN, J., files a dissenting opinion.

HOFFMAN, Judge, dissenting:

I disagree with the majority's finding that counsel "submitted a proper *Anders* brief which evidences a profound effort to uncover grounds to support the appeal." (At 194.) *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), requires that counsel wishing to withdraw submit an advocate's brief that refers to "anything in the record that might arguably support the appeal." *Id.* at 744, 87 S.Ct. at 1400. *See Commonwealth v. Baker,* 429 Pa. 209, 239 A.2d 201 (1968). Counsel here, discussing the sufficiency of the evidence, the only issue he had preserved, demonstrated only the record's support for appellant's conviction, concluding that appellant's claim was without arguable merit. Counsel neither looked for nor found any support in the record for appellant's claim of insufficiency, nor explored any other possible grounds for appeal. To call this "an advocate's brief would be to make a travesty of the appellate process." *Commonwealth v. Baker, supra,* 429 Pa. at 213, 239 A.2d 201. Accordingly, I would remand for counsel to submit a brief complying with the *Anders* requirements.