513 A.2d 1008

**COMMONWEALTH of Pennsylvania**

v.

**Derek GREEN, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 10, 1986.

Filed Aug. 7, 1986.

452

See also 469 A.2d 552.

Martha Aleo, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Com., appellee.

Before KELLY, MONTGOMERY, and HESTER, JJ.

KELLY, Judge:

Court-appointed counsel for the appellant has filed a brief containing a request that she be permitted to withdraw from the case. Because we find that counsel has failed to comply with the minimum requirements of *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981), and their progeny, we deny the request.

The instant case has travelled a long and twisted path through the courts of our Commonwealth for the past twelve years. The appellant was arrested on January 5, 1974, and charged with a variety of offenses in connection with a failed attempt by the appellant and a cohort to commit an armed robbery of Flynn's Bar in Philadelphia.[1] On August 14, 1974, the defendant waived the provisions of Pa.R.Crim.P. 1100(a)(1) in order that pending murder

---

1. For a brief summary of the facts giving rise to the charges in the instant case *see Commonwealth v. Green*, 264 Pa.Super. 472, 474, 400 A.2d 182, 183 (1979).

454

charges could be disposed of prior to proceeding to trial on the charges in the instant case.[2]

On November 8, 1976, the appellant was arraigned, pleaded not guilty, and was brought to trial. On November 12, 1976, the jury convicted the appellant of Robbery, Conspiracy, and Possession of an Instrument of Crime. Post-trial motions were filed and denied. On June 6, 1977, the appellant was sentenced to an aggregate term of imprisonment of ten(10) to twenty(20) years which was to be served consecutively to the sentence he was then serving. A timely notice of appeal was filed.

This Court affirmed the judgment of sentence in an opinion filed on March 23, 1979. *See Commonwealth v. Green*, 264 Pa.Super. 472, 400 A.2d 182 (1979). Petition for allowance of appeal to the Pennsylvania Supreme Court was filed on April 11, 1979 and denied on October 2, 1979.

On May 1, 1980, the appellant filed his first PCHA petition. Counsel was appointed, and filed an amended petition on June 1, 1981. A hearing was scheduled on the petition for November 30, 1981. However, prior to the start of the hearing, the Assistant District Attorney informed the PCHA judge that:

> ... an opinion [had] been handed down by the Superior Court in a companion case. Both these cases involved a Rule 1100 waiver made on the same day, same colloquy, same reason for the continuance and in that [opinion] the Superior Court said the issue had been finally litigated.

(N.T. 11/30/81 at 2).[3] Counsel for the appellant acknowledged that "[t]he case is on point and it does discuss the issues I was going to raise...." (N.T. 11/30/81 at 2–3). Counsel then spoke with the appellant and decided to file a motion to withdraw the petition, without prejudice to refile,

---

**2.** On October 4, 1974, the appellant was convicted of first degree murder. The judgment of sentence imposed was affirmed by the Pennsylvania Supreme Court on March 23, 1978. *Commonwealth v. Green*, 477 Pa. 170, 383 A.2d 877 (1978).

**3.** The record does not disclose the name of the case alluded to by counsel.

in order that the Superior Court opinion alluded to could be appealed to the Pennsylvania Supreme Court. The motion was granted, as was counsel's request to withdraw as counsel. (N.T. 11/30/81 at 3–4).

On March 2, 1984, the appellant filed a second PCHA petition.[4] On March 30, 1984 counsel was appointed to represent the appellant. On January 30, 1985 counsel for the appellant filed a one page memorandum which stated:

On March 30, 1984, I was appointed to represent the above named Defendant in his effort to obtain relief under the Post Conviction Hearing Act.

After having reviewed the file, reading the notes of testimony, and conferring with Mr. Green, I have determined that every issue of arguable merit has been waived or finally litigated.

Therefore, no Amended Petition will be filed in this matter.

On February 6, 1985 the PCHA petition was denied. Notice of appeal was filed on February 11, 1985, and PCHA counsel was permitted to withdraw from the case on February 20, 1985.

On November 20, 1985, appellant's current counsel made her initial appearance. On December 16, 1985, the appellant filed a brief containing a request that she be permitted to withdraw from the case. On February 14, 1986 the Commonwealth filed an informal response brief in accordance with *Commonwealth v. Oliver,* 479 Pa. 147, 150, 387 A.2d 1266, 1267 (1978), which stated that "for the reasons set forth in defense counsel's brief and in the opinion of the lower court, the Commonwealth is of the view that the defendant's appeal should be dismissed." (Appellee's Brief at 2). The motion is now properly before us for disposition.

Regrettably, the twelve year odyssey of this case through the courts of this Commonwealth has not yet reached its end. Succinctly, counsel for appellant has failed to meet

---

**4.** This petition makes no mention of the above referenced opinion or its final disposition.

the requirements of *Anders, McClendon,* and their progeny. Consequently, we must deny the motion to withdraw.

■ Initially we note that counsel's motion to withdraw is properly before this Court for disposition even though "an *Anders* brief is not a petition." *See Commonwealth v. Thomas,* 354 Pa.Super. 87, 89, 511 A.2d 200, 201 (1986). Our Supreme Court has previously stated:

> Although we believe the more desirable practice would be to submit a separate withdrawal request to the court, we may still, in the present case, treat counsel's "memorandum" in the brief itself as such a request.

*Commonwealth v. Baker,* 429 Pa. 209, 214, 239 A.2d 201, 203 (1968). Consequently, we find that the counsel's motion is properly before this Court for review on its merits. *Accord Commonwealth v. Bradley,* 311 Pa.Super. 160, 457 A.2d 544 (1983); *but see Commonwealth v. Murray,* 320 Pa.Super. 77, 79, 466 A.2d 1070, 1071 (1983) (Concurrence by Beck, J.) (request to withdraw in brief improper).

Pennsylvania law concerning procedures to be followed when a court appointed attorney sees no basis for an appeal is derived from the seminal case of *Anders v. California, supra. Anders* was adopted in Pennsylvania in *Commonwealth v. Baker, supra,* wherein *Anders* was read as offering two choices to the court-appointed advocate: 1) counsel may file briefs and argue the case on behalf of the client as an advocate; or 2) counsel may choose to withdraw his services, in which case he must adhere to the *Anders* procedure. *See Commonwealth v. Finley,* 330 Pa.Super. 313, 479 A.2d 568 (1984), petition for allowance of appeal granted January 7, 1985.

"As the courts of this Commonwealth have stated in the past, before appointed counsel may withdraw from an appeal, he must, after a thorough examination of the record make a determination that the appeal is wholly frivolous and then, 1) request permission of the court to withdraw; 2) accompany his request with a brief referring to anything in the record that might arguably support the appeal; and 3) furnish a copy of such brief to the indigent client in time to

allow him to present the appeal in *propria persona* or request appointment of new counsel." *Commonwealth v. Worthy,* 301 Pa.Super. 46, 48, 446 A.2d 1327, 1328–29 (1983) (emphasis deleted); *Commonwealth v. Martinez,* 319 Pa. Super. 346, 466 A.2d 192 (1983).

The *Anders* procedures apply to post-conviction proceedings as well as appeals therefrom. *See Finley, supra; accord Commonwealth v. Coley,* 350 Pa.Super. 549, 504 A.2d 1286 (1986); *Commonwealth v. McGeth,* 347 Pa.Super. 333, 500 A.2d 860 (1985); *cf. Thomas, supra* (*Anders* applied to appeals following sentence upon parole revocation); *Bronson v. Pennsylvania Board of Probation and Parole,* 491 Pa. 549, 421 A.2d 1021 (1980), *cert. denied,* 450 U.S. 1050, 101 S.Ct. 1771, 68 L.Ed.2d 247 (1981) (*Anders* applied to appeals from administrative orders revoking parole).

Counsel for the appellant has filed a brief in the instant case which states:

### Conclusion

Based on a careful review of the record and the applicable law, counsel is not able to support argument for the requested relief. Counsel requests permission to withdraw her representation. Counsel requests that the appellant be allowed additional time to retain private counsel and/or submit a *pro se* brief. A copy of this brief has been forwarded to the appellant with instructions that if he wishes to retain private counsel or raise additional arguments or points, he must promptly communicate with the court.

(Brief for Appellant at 7). Counsel went on to certify that a copy of the brief was served upon the appellant by U.S. Mail at his prison address. (Brief for Appellant at 8).

This motion provides no basis for this Court to grant counsel's request, as it falls short of the requisite standards in several respects. We shall consider each of the separate requirements of the *Anders* procedures, *seriatim.*

## I.

The first requirement under the *Anders* procedures is that counsel, after conducting an exhaustive review of the record and finding the appeal to be wholly frivolous, request permission of the court to withdraw. Our Supreme Court underscored the importance of counsel's responsibility in this regard when it stated that:

> The major thrust of *Anders* was to assure careful assessment of any available claims that an indigent appellant might have.

*McClendon, supra,* 495 Pa. at 473, 434 A.2d at 1188. In the instant case, appellant's counsel avers that, "[b]ased upon a careful review of the record and the applicable law, counsel is not able to support argument for the requested relief." This averment is inadequate to warrant the granting of a petition to withdraw.

In *Commonwealth v. Worthy, supra,* this Court recognized that "[p]rogeny of *Anders* have provided us with a continuum of degrees of meritlessness." Hence, a difference in word choice may signify a difference in substance rather than merely a change in semantics. In *Commonwealth v. McClendon,* our Supreme Court explained:

> ... lack of merit in an appeal is not the legal equivalent of frivolity. *Anders* 'appears to rest narrowly on the distinction between complete frivolity and absence of merit. The latter is not enough to support either a request by counsel to withdraw, or the granting of such a request by the Court.'

495 Pa. 472–473, 434 A.2d at 1187 (citations omitted); *see Commonwealth v. Greer,* 455 Pa. 106, 108–109, 314 A.2d 513, 514 (1974).

Counsel avers only that she is "unable to support argument for the requested relief." We find this averment to be too ambiguous to be considered the legal equivalent of a finding that the appeal is "wholly frivolous" or "without arguable merit." Consequently, we cannot grant counsel's petition to withdraw. We emphasize that *Anders* requires a clear and unambiguous averment in this regard. *Accord*

*Commonwealth v. Thomas, supra,* 354 Pa.Superior Ct. at 89, 511 A.2d at 201 (counsel has not filed a petition alleging that he has found the appeal to be frivolous); *Commonwealth v. Bradley, supra,* 311 Pa.Superior Ct. at 162, 457 A.2d at 545 (counsel does not allege that the appeal is totally frivolous).

Moreover, counsel appears to have restricted her review of the record to the "requested relief". However, *McClendon* requires that counsel review the record for *"any* available claims an indigent appellant might have." 495 Pa. at 473, 434 A.2d at 1188. (Emphasis added). Indigent appellants are not generally equipped with the knowledge of the law required to discern what constitutes error and what does not. Consequently, it is incumbent upon court-appointed counsel to review the record generally and not solely with respect to those issues which an unlearned, indigent appellant has set forth in his *pro se* petition. In *Commonwealth v. Finley, supra,* this Court stated: "Counsel must certify to an exhausting reading and endeavor to uncover *all possible issues for review....*" 330 Pa.Superior Ct. at 322, 479 A.2d at 572. (Emphasis added). Counsel has not done so in the instant case. Moreover, we note with disapproval the failure of counsel to indicate whether or not the appellant was consulted regarding this appeal. *See Thomas, supra,* 354 Pa.Superior Ct. at 90, 511 A.2d at 201.

## II.

The second requirement under the *Anders* procedures is that the request to withdraw be accompanied by a brief referring to anything which might arguably support an appeal. We find that the brief in the instant case fails to meet this requirement.

In *McClendon,* our Supreme Court stated:

We reject the view that [counsel's] explanation why there is no basis for an appeal should be interpreted as reflecting counsel's lack of concern in the client's cause. Nor can that fact be assigned as a reason for concluding that

the client did not receive this constitutionally protected right of representation.

495 Pa. at 474, 434 A.2d at 1188. *McClendon* did not, however, obviate counsel's responsibility to file a withdrawal brief. *See Commonwealth v. Lohr*, 503 Pa. 130, 468 A.2d 1375 (1983) (*McClendon* requires counsel to petition the court and file an *Anders* brief); *see also Thomas, supra*, 354 Pa.Superior Ct. at 90, 511 A.2d at 202.

Under *McClendon*, we are compelled to ignore the fact that, by arguing against her client, counsel appears to have appropriated the prosecution's function. *See Commonwealth v. Brockington*, 268 Pa.Super. 54, 58, 407 A.2d 433, 435 (1979). Likewise, we are constrained from preventing counsel from "sandbagging" their clients by researching the Commonwealth's case. *See Commonwealth v. Jones*, 451 Pa. 69, 75, 301 A.2d 811, 815 (1973).

Although counsel's argument against the merits of the appellant's appeal may not be assigned as error, we may still register our disapproval with this approach. The far better approach would be for counsel to draft a *neutral* brief and let the Commonwealth explain in the brief it files, pursuant to *Commonwealth v. Oliver, supra*, why the appeal is without merit.[5] *See Commonwealth v. Thomas, supra*, 354 Pa.Superior Ct. at 90–95, 511 A.2d at 202–204. Moreover, if the appeal is in fact wholly without merit it is not unreasonable for counsel to assume that the Court will be able to discern this fact without the benefit of counsel's arguments. Nevertheless, we may not deny the motion to withdraw on this basis.

However, *McClendon*, does not require this Court to ignore counsel's failure to set forth in her withdrawal brief those facts upon which the appellant's *pro se* claims are based. In the instant case, the appellant claims a violation of his state and federal speedy trial rights. Yet nowhere in

5. Because counsel herein so ably argued the case against her client, the Commonwealth felt no need to set forth additional argument but instead relied upon the appellant's counsel's arguments. We strongly disapproved of this practice in *Thomas, supra*.

counsel's purported *Anders* brief does counsel set forth the date of arrest, the date of trial, the number of continuances, or the reasons for the continuances. Nor does counsel make any attempt to sketch for the Court the appellant's reasoning with respect to the *pro se* petition. Even in the wake of *McClendon*, this brief is inadequate. *See Thomas, supra*, 354 Pa.Superior Ct. at 89–92, 511 A.2d at 201–202.

## III.

The third requirement under the *Anders* procedures, is that counsel furnish a copy of the *Anders* brief to the indigent client in time to allow him to present the appeal in *propria persona* or request new counsel. Appellant's counsel has failed to fulfill this requirement as well.

Counsel for the appellant states in her withdrawal brief that "[a] copy of this brief has been forwarded to appellant with instructions that if he wishes to retain private counsel or raise additional arguments or points, he must promptly communicate with the court." (Appellant's Brief at 7). On the next page counsel certifies that a copy of the brief was sent to the appellant by the U.S. Mail.

The transmittal letter containing the "instructions" regarding the appellant's right to file a *pro se* brief or request new counsel does not appear in the record; nor does counsel indicate on what date the notice was given. Consequently, we do not know what instructions were given or when they were given. Because they were sent by regular mail we have no proof they were received or understood. The absence of this information casts doubt as to the adequacy of the notice given to the appellant.[6] Such doubt precludes the granting of a petition to withdraw.

In *Baker, supra,* our Supreme Court stated:

However, it is the third requirement for an *Anders* withdrawal, indeed the most important requirement, that has

---

6.  Part of the rationale behind having a separate withdrawal petition is that such a petition provides a vehicle through which information pertinent to the motion to withdraw, but not the merits of the appeal, may be presented to the Court.

not been followed. *Anders* clearly demands not only that the indigent be advised of his lawyers decision to abandon the appeal, but also that the client be given a copy of counsel's brief *in time to present the appeal in propria persona.* Surely, were it not for this last requirement, all the *Anders* requirements would result in mere fodder for a file drawer.

429 Pa. 214, 239 A.2d at 203. (Emphasis supplied). The importance which our Supreme Court place upon this requirement has been echoed in the opinions of this Court. *See Bradley, supra; Worthy, supra; Commonwealth v. Walker*, 259 Pa.Super. 260, 393 A.2d 817 (1978).

## IV.

For these reasons we must deny counsel's motion to withdraw. We emphasize that our denial of counsel's motion to withdraw in no way reflects upon the presence or absence of merit in this appeal. To this point, we have had no occasion to address the merits. We will do so only after the filing of proper advocate's briefs or a conforming petition to withdraw and withdrawal brief.[7]

Therefore, counsel for the appellant is directed to either proceed with the appeal by filing an advocate's brief on the merits, or if she concludes an appeal would be wholly

---

7. Additionally, we note that appellant's PCHA counsel made no attempt to file an amended petition, there was no brief filed, nor argument made, and the petition was denied without an evidentiary hearing. In *Commonwealth v. Fiero*, 462 Pa. 409, 413, 341 A.2d 448, 450 (1975), similar PCHA proceedings were held to be uncounseled and contrary to the mandate of the Post-Conviction Hearing Act. *See also Commonwealth v. Sangricco*, 490 Pa. 126, 415 A.2d 65 (1980) (Nothing in PCHA practice is more settled than the rule that a person seeking post-conviction relief is entitled to assistance of counsel). However, in *Coley, supra*, and *McGeth, supra*, this Court held that *Anders* must be read in conjunction with *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), when reviewing whether prior counsel's failure to comply with *Anders* resulted in ineffective assistance of counsel. Appellate counsel must establish that prior "counsel failed to brief an issue of arguable merit." *Coley*, 504 A.2d at 1289; *McGeth*, 500 A.2d at 864.

Consequently, petitions for withdrawal by appellate counsel in such cases must be carefully scrutinized to ensure that the appellant receives the assistance of counsel which Pennsylvania law requires.

frivolous, she may file a petition and *Anders* brief in accordance with the requirments of the *Anders* procedures as they have been adopted in this Commonwealth. In either case, counsel shall comply with this order within thirty(30) days or risk sanctions. The Commonwealth shall have twenty(20) days thereafter to respond appropriately.

Counsel's motion to withdraw is denied, without prejudice. Jurisdiction of the panel is relinquished, jurisdiction of the Court is retained. Case to be assigned by the Prothonotary's Office to another panel.