669 A.2d 399

COMMONWEALTH of Pennsylvania

v.

Vincent J. FISCHETTI, Appellant.

Superior Court of Pennsylvania.

Submitted Oct. 23, 1995.

Filed Dec. 28, 1995.

382

Matthew T. Budash, Indiana, for appellant.

Michael Handler, District Attorney, Indiana, for Commonwealth, appellee.

Before McEWEN, JAMIESON and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

Appellant, Vincent J. Fischetti, appeals from the judgment of sentence entered in the Court of Common Pleas of Indiana County on March 20, 1995.

Appellant was convicted on December 18, 1980, following a jury trial for one count of burglary, two counts of theft, and two counts of receiving stolen property. These convictions

resulted from the break-in of two residences in Indiana County. He was subsequently sentenced on October 5, 1981, to concurrent prison terms of ten to twenty years and two and one-half to five years. Upon appeal, we affirmed this judgment of sentence.

On August 9, 1991, appellant filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541 *et seq.* The trial court initially appointed Donald McKee, Esquire, to represent appellant in amending this pleading. Attorney McKee withdrew, however, and in 1994 Matthew T. Budash, Esquire, was appointed as counsel. Attorney Budash subsequently submitted an amended PCRA petition. Pursuant to the PCRA, the trial court vacated appellant's sentence on November 30, 1994, finding that he was uncounseled when sentenced. Following a hearing, appellant was ordered on March 20, 1995, to undergo incarceration for a period of ten to twenty years and a concurrent term of two and one-half to five years. Appellant now appeals this judgment of sentence.

█ In his brief, Attorney Budash seeks to withdraw as counsel in this appeal pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981), since he finds no basis upon which relief may be granted to appellant. In response, appellant has filed a *pro se* petition setting forth grounds for relief and requesting the appointment of new counsel.

█ Before we may review the merits of this case, we must address the request to withdraw. *Commonwealth v. Torres,* 428 Pa.Super. 283, 284–85, 630 A.2d 1250, 1251 (1993). The standard for determining whether to grant counsel's request for withdrawal is well settled:

In order to satisfy the requirements of *Anders,* the following requirements must be met. Counsel must (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record ... counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable

merit[,] and (3) furnish a copy of the brief to [appellant] and advise him of his right to retain counsel or raise any additional points he deems worthy of this Court's review. *Commonwealth v. Gee,* 394 Pa.Super. 277, 279, 575 A.2d 628, 629 (1990) (citation omitted).

■ Initially, we note that although counsel has not filed a separate petition to withdraw, he has set forth his withdrawal request in his *Anders* brief. "Although we believe the more desirable practice would be to submit a separate withdrawal request to the court, we ... treat counsel's [request] in the brief itself as such a request." *Commonwealth v. Green,* 355 Pa.Super. 451, 456, 513 A.2d 1008, 1010 (1986) (citation omitted). "Consequently, we find that counsel's motion is properly before this Court for review...." *Id.*

Based upon our review of Attorney Budash's motion to withdraw, however, we find that it fails to comply with the minimum requirements for withdrawal set forth above, and thus deny his withdrawal request. Specifically, we find that counsel has not fully satisfied requirement (1) relating to the extent of his review and the requisite resulting finding to be made.[1]

■ Counsel has not specifically labeled the appeal as "frivolous." Instead, he advances his withdrawal request by stating that:

There are no issues properly preserved in the record on which counsel could reasonably base an argument to secure meaningful appellate relief for appellant.

Appellant's brief at 7. Counsel continues by later concluding that

---

1. Counsel provides no indication that he interviewed appellant with regard to the appeal. Appellant, in his *pro se* reply memorandum, argues that this constitutes a deficiency in counsel's representation entitling him to new counsel. We disagree.

In *Commonwealth v. Torres, supra,* we clearly set forth the law relating to counsel's responsibility to interview a defendant when representing him or her on appeal. Presently, counsel was familiar with appellant's claims since he previously represented him both in filing his PCRA petition and during re-sentencing. Thus, an interview was not necessary for counsel to adequately fulfill his responsibility.

after careful review of the record in this case ... he is unable to raise any argument which would permit this court to [order] either a new trial, an arrest of judgement [sic], and/or a remand for resentencing.

Appellant's brief at 14. In this appeal, we are concerned with whether counsel's statements are tantamount to a finding on his part that the appeal is "frivolous." We conclude that they are not.[2]

In *Commonwealth v. Green, supra,* counsel, as here, did not characterize the appeal as "frivolous" but instead stated her inability "to support argument for the requested relief." In addressing the adequacy of counsel's motion to withdraw under *Anders, McClendon,* and their progeny, we noted the following:

> The major thrust of *Anders* was to assure careful assessment of any available claims that an indigent appellant might have. *McClendon, supra,* 434 A.2d at 1188.
>
> ＊ ＊ ＊ ＊ ＊ ＊
>
> In *Commonwealth v. Worthy,* this Court recognized that "[p]rogeny of *Anders* have provided us with a continuum of degrees of meritlessness." [301 Pa.Super 46, 446 A.2d 1327 (1982) ]. *Hence, a difference in word choice may signify a difference in substance rather than merely a change in semantics.*

*Commonwealth v. Green,* 355 Pa.Super at 458, 513 A.2d at 1011 (emphasis added). Thus, we emphasized that *Anders* requires a "clear and unambiguous" averment in regard to a finding of frivolity. *Id.* Accordingly, the *Green* decision, while at first blush appears to elevate form over substance, reflects the importance that has been assigned to counsel's responsibility to conduct a review of the record and thereby determine whether withdrawal is appropriate. Based upon this principle we held that:

**2.** An appeal is "frivolous" where it lacks any basis in law or fact. *See, e.g., Marino by Marino v. Marino,* 411 Pa.Super. 424, 443, 601 A.2d 1240, 1250 (1992).

Counsel avers only that she is "unable to support argument for the requested relief." We find this averment to be too ambiguous to be considered the legal equivalent of a finding that the appeal is "wholly frivolous".... Consequently, we cannot grant counsel's petition to withdraw.

*Id.* We further explained this holding as follows:

Moreover, counsel appears to have restricted her review of the record to the "requested relief". However, *McClendon* requires that counsel review the record for "*any* available claims an indigent appellant might have." 434 A.2d at 1188. (Emphasis added). Indigent appellants are not generally equipped with the knowledge of the law required to discern what constitutes error and what does not. Consequently, it is incumbent upon court appointed counsel to review the record generally and not solely with respect to those issues which an unlearned, indigent appellant has set forth....

*Id.* (emphasis in original).

Our Supreme Court confronted a similar situation in *Commonwealth v. Greer*, 455 Pa. 106, 314 A.2d 513 (1974). The Court denied counsel's motion to withdraw where he merely submitted that he was "unable to raise any argument which would compel or even permit this Court to grant a new trial." The Court held that:

[w]hile it may or may not be true that appellant's prospects on appeal are dim, counsel may not withdraw unless he has determined that his client's case is *entirely* frivolous.

*Id.* 455 Pa. at 108, 314 A.2d at 514 (emphasis added).

In light of the aforementioned precedent, we do not find counsel's assertions in the present case to be clear and unambiguous in communicating the extent of his review and resulting conclusions.[3] Consequently, counsel's characterization of this case in lieu of an allegation of frivolity does not satisfy us

---

3. We note that, in his statements, counsel qualifies the availability of appellate relief and, thus, does not conclusively state his position as to the availability of "any" appellate relief. *See Green, supra.* Also, counsel renders judgment as to the availability of specific forms of judicial relief. Pursuant to both *Green, supra,* and *Greer, supra,* we again find this insufficient in advancing his withdrawal request.

that he has made the required determination that the appeal lacks any basis in law or fact. *See Marino by Marino v. Marino, supra.*

■ Accordingly, we do not proceed to making an independent judgment as to whether the appeal is in fact wholly frivolous.[4] Should counsel, as a result of the foregoing, still wish to withdraw, he must amend his request within thirty days of the date of notice hereof so that it meets the requirements of *Anders* and *McClendon,* and their progeny, as cited herein. Alternatively, counsel must file an advocate's brief within such period. In either case, counsel is further directed to address the issue, raised in appellant's *pro se* memorandum, regarding the concurrent versus consecutive nature of his present sentence with the sentence imposed in Allegheny County.

Request to withdraw as counsel is denied. In view of our disposition of this matter, appellant's request for new counsel is also denied.

Jurisdiction of this panel is relinquished. Jurisdiction of the Superior Court is retained. Case to be reassigned by the Superior Court prothonotary to another panel.

McEWEN, J., concurs in the result.

---

4. In addressing individual claims in his *Anders* brief, counsel does assert that each claim is "without appealable merit." It has been held that the lack of merit in an appeal is not the legal equivalent of frivolity. *Commonwealth v. Bradley,* 311 Pa.Super. 160, 162–63, 457 A.2d 544, 545 (1983). *See also Commonwealth v. Greer,* 455 Pa. 106, 108, 314 A.2d 513, 514 (1974). In this case, we find that counsel's conclusion that the particular issues set forth "are without appealable merit" does not answer the question of whether the appeal has any basis in law or fact.