J-S35045-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TIMOTHY DALE REEVE :
:
Appellant : No. 1908 MDA 2017

Appeal from the Judgment of Sentence October 23, 2017
In the Court of Common Pleas of Bradford County Criminal Division at
No(s): CP-08-CR-0000261-2017

BEFORE: BENDER, P.J.E., PANELLA, J., and MURRAY, J.

MEMORANDUM BY MURRAY, J.: **FILED JUNE 29, 2018**

Timothy Dale Reeve (Appellant) appeals from the judgment of sentence imposed after he pled guilty to corruption of minors.[1] Appellant's counsel ("Counsel")[2] seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396 (1967) and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009). Upon review, we affirm Appellant's judgment of sentence and grant Counsel's petition to withdraw.

The trial court summarized the factual and procedural history as follows:

> In April 2017, [Appellant] was charged with Aggravated Indecent Assault, 18 Pa.C.S. § 3125(a)(1), a felony of the second degree, Corruption of Minors, 18 Pa.C.S. § 6301(a)(1)(i), a misdemeanor of the first degree, and Indecent Assault, 18 Pa.C.S. § 3126(a)(1), a misdemeanor of the second degree. The charges

---

[1] 18 C.S.A. § 6301(a)(1)(i).

[2] Counsel represented Appellant both at the trial court and on appeal.

arose out of conduct that allegedly occurred at [Appellant's] home after the teenage female victim, who was babysitting [Appellant's] children, had gone to sleep.

On August 23, 2017, [Appellant] entered a plea of *nolo contendere* to the Corruption of Minors charge, a misdemeanor of the first degree. During the hearing, [Appellant] agreed that the Commonwealth would be able to establish the following facts, as recited on the record by the District Attorney:

> [Appellant], at the age of 32 more or less, had indecent contact with the seventeen year old female whose-who [sic] testified at the preliminary hearing, . . . [in that he had] manual contact with her vaginal area and digital penetration of her vagina. This occurred in Wysox Township in [Appellant's] home in the summer of 2016.

*See* Tr. 8/23/17, 4:17-24.

On October 23, 2017, [Appellant] was sentenced to total confinement and fines and costs, such that [Appellant] shall undergo an indeterminate period of incarceration, the minimum of which shall be nine (9) months and the maximum of which shall be twenty-three (23) months. The sentence was a County sentence and within the standard range. [Appellant] also received a fine in the amount of Five Hundred Dollars ($500).

On October 27, 2017, [Appellant] filed a post sentence motion seeking reconsideration of the length of the sentence on the basis that "his prior record score was the result of old charges." *See* Motion, para. 4.

On November 21, 2017, this Court denied [Appellant's] post sentence motion, finding that the sentence "was appropriate given the nature and circumstances of the crime, the background and character of [Appellant], and the sentencing guidelines." *See* Order, dated November 21, 2017. The Court also noted that the duration of the confinement "was consistent with the appropriate level of protection of the public, the gravity of the offense as it related to the impact on the life of the victim and the community, and the rehabilitative need of [Appellant]." *Id.*

On December 8, 2017, [Appellant] filed a timely Notice of Appeal.

J-S35045-18

Trial Court Opinion, 2/26/18, at 1-2.

On December 18, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On December 29, 2017, Counsel filed a statement of intent to file an **Anders** brief.[3] On April 6, 2018, Counsel filed a brief with this Court, in which he petitioned for leave to withdraw from representation pursuant to **Anders**.[4]

Preliminarily, we note that there are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow. These mandates and the significant protection they provide to an appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel

---

[3] In averring that Appellant's appeal was "frivolous," Counsel nonetheless indicated that Appellant wished to challenge the validity of his plea and the inappropriateness of his sentence.

[4] Counsel did not file a separate petition to withdraw, but rather appended his petition to his **Anders** brief. While this is satisfactory, we note our preference that counsel file a separate petition to withdraw. **See Commonwealth v. Fischetti**, 669 A.2d 399, 400 (Pa. Super. 1995) ("Although we believe the more desirable practice would be to submit a separate withdrawal request to the court, we . . . treat counsel's [request] in the brief as such a request."); **see also Commonwealth v. Green**, 513 A.2d 1008, 1010 (Pa. Super. 1986).

- 3 -

must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

*Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.

If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

Additionally, there are requirements as to what an *Anders* brief must contain:

[T]he Anders brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). If counsel meets these obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the

- 4 -

proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." *Santiago*, 978 A.2d at 354 n.5.

Instantly, we conclude that Counsel has complied with the technical requirements of *Anders*. Counsel has filed a petition to withdraw with this Court. In conformance with *Santiago*, Counsel has also filed a brief which includes the facts and procedural history of the case, and discusses the issues which might arguably support Appellant's appeal, *i.e.*, whether "Appellant should be allowed to withdraw a plea of no contest," and "the sentence of the court was excessive." *See Anders* Brief at 5. Counsel's brief additionally sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *See id.* at ii, 3, 11. Finally, Counsel provided this Court with a copy of the letter that he sent to Appellant, which Counsel served upon Appellant, along with Counsel's petition and *Anders* brief, and advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

As noted above, the issues presented by Counsel in the *Anders* brief is whether Appellant's plea was knowingly and voluntarily entered, and whether the court imposed an excessive sentence. We have reviewed the written plea colloquy as well as the notes of testimony from the August 23, 2017 plea hearing, both of which indicate that Appellant entered his plea knowingly, intelligently, and voluntarily. Moreover, Appellant did not seek to withdraw

his guilty plea at the hearing, nor did he file a post-sentence motion to withdraw his guilty plea within ten days of sentencing. We have explained:

> A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). Failure to employ either measure results in waiver. Historically, Pennsylvania courts adhere to this waiver principle because it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed.

***Commonwealth v. Lincoln***, 72 A.3d 606, 609–610 (Pa. Super. 2013) (citations and quotations omitted).

Based on the foregoing, Appellant waived any challenge to the validity of his plea. In addition, our review of the record comports with the trial court's determination that "a review of the transcript of the plea hearing and the written plea colloquy completed by [Appellant] confirms that [Appellant] is unable to establish that his plea of *nolo contendere* was anything but knowing, voluntary and intelligent." Trial Court Opinion, 2/26/18, at 3 (citations omitted). Counsel is thus correct that raising this issue on appeal would be frivolous.

With regard to Appellant's sentencing claim, we have likewise reviewed the record, and particularly the notes of testimony from the October 23, 2017 hearing. The trial court stated that it reviewed the pre-sentence investigation report, and after further discussion, imposed a standard range sentence of 9 to 23 months of incarceration, with eligibility for work release, stating to Appellant, "I hope you're able to keep your job and keep supporting your

family while you're incarcerated." N.T., 10/23/17, at 1, 8-10. On this record, Appellant claims that his sentence "is excessive . . . [and] should have been shorter." *Anders* Brief at 7.

This claim challenges the discretionary aspects of Appellant's sentence. Our standard of review when considering discretionary aspects of sentencing claims is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

*Commonwealth v. Cook*, 941 A.2d 7, 11-12 (Pa. Super. 2007) (internal quotations and citations omitted).

"The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014), *appeal denied*, 104 A.3d 1 (Pa. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post[-]sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of his appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted), *appeal denied,* 86 A.3d 231 (Pa. 2014).  "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process."  *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (quotations and citations omitted), *appeal denied*, 91 A.3d 161 (Pa. 2014).

Appellant has substantially complied with the first three prongs of the discretionary aspect test to invoke our jurisdiction.  However, Appellant has failed to meet the fourth prong because he has not presented a substantial question.  "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report, we will not consider the sentence excessive."  *Commonwealth v. Corley*, 31 A.3d 293, 298 (Pa. Super. 2011).  "In those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors."  *Id.* (quotations and citations omitted).  Again, our review of the record reveals no support for Appellant's claim that his sentence was excessive, and we agree with Counsel that Appellant's discretionary aspects of sentencing claim is frivolous.

Finally, after conducting our own independent review of the record, we have determined that there are no issues of merit and agree with Counsel's assessment that Appellant's direct appeal is frivolous. We thus find this appeal wholly frivolous and permit Counsel to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2018