J-S01023-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUSTIN ALEXANDER MARTINEZ | : | |
| | : | |
| Appellant | : | No. 1141 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 10, 2017
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007871-2016

BEFORE:  PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY MURRAY, J.:                    **FILED FEBRUARY 05, 2019**

Justin Alexander Martinez (Appellant) appeals from the judgment of sentence imposed after he pled guilty to persons not to possess a firearm.[1] Additionally, Appellant's counsel, Christopher D. Moore, Esquire (Counsel), seeks to withdraw from representation pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).  Upon review, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Appellant entered a negotiated guilty plea to persons not to possess a firearm on July 10, 2017.  That same day, the trial court sentenced Appellant to 4½ to 9 years in a state correctional institution.  No direct appeal was filed. On February 5, 2018, Appellant filed a petition for post-conviction relief,

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

*Retired Senior Judge assigned to the Superior Court.

seeking to have his post-sentence rights reinstated, which the court granted on June 27, 2018.  On July 3, 2018, Appellant filed a post-sentence motion to withdraw his guilty plea.  Following a hearing, the trial court denied Appellant's motion.  This timely appeal followed.  Both Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.  On November 27, 2018, Counsel filed an **Anders** brief, in which he argues that Appellant's appeal is frivolous and requests permission from this Court to withdraw as counsel.[2]

At the outset, we note that there are particular mandates that counsel seeking to withdraw pursuant to **Anders** must follow.  These mandates and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal.  **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa. Super. 2007).  We have summarized these requirements as follows:

> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous.  Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.

---

[2] Counsel did not file a separate petition to withdraw, but rather set forth his withdrawal request in his **Anders** brief.  While this is satisfactory, we note our preference that counsel file a separate petition to withdraw.  **See Commonwealth v. Fischetti**, 669 A.2d 399, 400 (Pa. Super. 1995) ("Although we believe the more desirable practice would be to submit a separate withdrawal request to the court, we . . . treat counsel's [request] in the brief as such a request."); **see also Commonwealth v. Green**, 513 A.2d 1008, 1010 (Pa. Super. 1986).

> ***Anders*** counsel must also provide a copy of the ***Anders*** petition
> and brief to the appellant, advising the appellant of the right to
> retain new counsel, proceed *pro se* or raise any additional points
> worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of
> ***Anders,*** this Court will deny the petition to withdraw and remand
> the case with appropriate instructions (*e.g.*, directing counsel
> either to comply with ***Anders*** or file an advocate's brief on
> Appellant's behalf).

***Id.*** (citations omitted).

Additionally, there are requirements as to precisely what an ***Anders***

brief must contain:

> [T]he ***Anders*** brief that accompanies court-appointed counsel's
> petition to withdraw … must: (1) provide a summary of the
> procedural history and facts, with citations to the record; (2) refer
> to anything in the record that counsel believes arguably supports
> the appeal; (3) set forth counsel's conclusion that the appeal is
> frivolous; and (4) state counsel's reasons for concluding that the
> appeal is frivolous. Counsel should articulate the relevant facts of
> record, controlling case law, and/or statutes on point that have
> led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d 349, 361 (Pa. 2009). When faced with a purported

***Anders*** brief, we may not review the merits of the underlying issues without

first deciding whether counsel has properly requested permission to withdraw.

***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation

omitted). If counsel has satisfied the above requirements, it is then this

Court's duty to conduct its own review of the trial court's proceedings to

determine whether there are any other non-frivolous issues that the appellant

could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel has filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 7-10. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id*. Finally, Counsel has attached to his petition to withdraw the letter that he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration.

Counsel's *Anders* brief raises one issue for our review: "Whether the [t]rial [c]ourt abused its discretion in denying Appellant's [m]otion to [w]ithdraw his [g]uilty [p]lea?" *Anders* Brief at 4 (suggested answer omitted).

With regard to Appellant's guilty plea, we begin by setting forth our standard of review.

> In *Commonwealth v. Broaden*, 980 A.3d 124 (Pa. Super. 2009), we summarized the principles governing post-sentence motions to withdraw guilty pleas:

[P]ost-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. A defendant must demonstrate that manifest injustice would result if the court were to deny his post-sentence motion to withdraw a guilty plea. Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. A deficient plea does not per se establish prejudice on the order of manifest injustice.

*Id.* at 129 (Pa. Super. 2009) (citations omitted). "It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court." *Commonwealth v. Hart*, 174 A.3d 660, 664 (Pa. Super. 2017) (applying abuse of discretion in post-sentencing context). The term discretion

imports the exercise of judgment, wisdom and skill so as to reach a dispassionate conclusion, and discretionary power can only exist within the framework of the law, and is not exercised for the purpose of giving effect to the will of the judges. Discretion must be exercised on the foundation of reason, as opposed to prejudice, personal motivations, caprice or arbitrary action. Discretion is abused when the course pursued represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

*Commonwealth v. Shaffer*, [ ] 712 A.2d 749, 751 ([Pa.]1998) (citation omitted).

*Commonwealth v. Kehr*, 180 A.3d 754, 756-57 (Pa. Super. 2018).

Appellant argues that his guilty plea was not knowing, voluntary, and intelligent. Specifically, Appellant contends that he did not commit the crime to which he pled guilty and that "after his plea agreement he was reviewing

discovery that he had not had or not realized he had before or that he had not been provided or reviewed," which "would have changed his decision to enter into the plea agreement and taken the matter to trial. . . ." Motion to Withdraw Plea, 7/3/18, at ¶ 4-5.

Based on our review of the certified record, including Appellant's written colloquy and the transcript of his guilty plea, we conclude that Appellant's guilty plea was knowing, voluntary, and intelligent. The record reflects that the trial court informed Appellant of the nature of the charges to which he pled guilty, the factual basis for the plea, his right to trial by jury, the presumption of innocence, the sentences, and that the court was accepting the negotiated sentence. N.T., 7/10/17, at 2-8; Guilty Plea Colloquy, 7/10/17, at 3-11.

Importantly, during the oral colloquy, Appellant indicated that he was not forced into pleading guilty, and that he was satisfied with counsel's representation. N.T., 7/10/17, at 5, 7. Appellant acknowledged that he decided to exchange his rights, including the right to defend the charges brought against him, for a favorable sentence of 4½ to 9 years of incarceration, where, if convicted following a jury trial, Appellant would have faced up to 12 years of incarceration. *Id.* at 4-5. Appellant stated that he understood the ramifications of pleading guilty and that he was entering his plea on his own volition. *Id.* at 5-6.

By asserting his innocence to the charges he pled guilty to, Appellant implies that his responses to the plea colloquies were untruthful. A defendant who elects to plead guilty "is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa. Super. 2007) (quotations and citations omitted). "A criminal defendant who elects to plead guilty has a duty to answer questions truthfully." *Id.* Because "[a] defendant is bound by the statements which he makes during his plea colloquy[,]" *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017), Appellant cannot now propose that his guilty plea was not entered into voluntarily, knowingly, or intelligently. For these reasons, we conclude that the trial court did not err in denying Appellant's motion to withdraw his guilty plea.

Finally, our independent review of the proceedings reveals no other non-frivolous issues that Appellant could raise on appeal. *See Dempster*, 187 A.3d at 272. Thus, we grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 02/05/2019