J-S42025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL O. ROBERTS PALADINO | |
| Appellant | No. 1468 WDA 2015 |

Appeal from the Judgment of Sentence July 29, 2015
In the Court of Common Pleas of Beaver County
Criminal Division at No(s): CP-04-CR-0000437-2015

BEFORE: SHOGAN, J., OTT, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 09, 2016**

Michael O. Roberts Paladino appeals from the judgment of sentence imposed on July 29, 2015, in the Court of Common Pleas of Beaver County.[1,2] On April 14, 2015, Roberts Paladino pleaded guilty to charges of sexual abuse of children – distribution of child pornography (3 counts),

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Roberts Paladino purports to appeal from the August 26, 2015, order denying his post-sentence motion. We have corrected the caption to reflect that Roberts Paladino's appeal properly lies from the judgment of sentence imposed on July 29, 2015. **Commonwealth v. Dreves**, 2003 PA Super 503, 839 A.2d 1122, 1125 n.1 (Pa. Super. 2003) (*en banc*).

[2] On November 4, 2015, this Court issued a *per curiam* order, directing compliance with Pa.R.A.P. 3517 (filing of docketing statement). Thereafter, on November 25, 2015, this Court dismissed this appeal for failure to file a docketing statement. Counsel then sought reinstatement of the appeal, which this Court granted on December 14, 2015.

sexual abuse of children – possession of child pornography (10 counts), and criminal use of communication facility.[3] On July 29, 2015, the trial court held an assessment hearing, found Roberts Paladino to be a Sexually Violent Predator (SVP), and sentenced Roberts Paladino to 30 to 84 months' incarceration, and seven years' probation. On August 13, 2015, Roberts Paladino filed a post-sentence motion challenging his sentence that fell beyond the aggravated range of the sentencing guidelines.[4] The trial court denied the motion on August 26, 2015, and Roberts Paladino filed a notice of appeal on September 18, 2015. Thereafter, counsel filed Roberts Paladino's brief on appeal as an ***Anders***[5] brief. As will be discussed below, we remand for counsel to file, within 30 days of the date the record is transmitted to the trial court, either (1) a Pa.R.A.P. 1925(b) statement of matters complained of on appeal, in which case the trial court is directed to file a Rule 1925(a) opinion within 30 days thereafter, and counsel must file an advocate's brief with this Court within 30 days of the filing of the trial court's opinion, or (2)

---

[3] 18 Pa.C.S. §§ 6312(c), 6312(d), and 7512(a), respectively.

[4] In part, Roberts Paladino's post-sentence motion states: "It is the position of [Roberts Paladino] that the Court's sentence of 30 months to 84 months on Counts 1, 2, and 3 unlawfully extend the minimum sentence beyond the standard and aggregate range." Roberts Paladino's Post-Sentence Motion, 8/13/2015, at ¶4.

[5] ***Anders v. California***, 386 U.S. 738 (1967); ***see also Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

a statement of intent to file an **Anders** brief, pursuant to Rule 1925(c)(4), in which case the trial court may decide whether an opinion is necessary or immediately transmit the record back to this Court; counsel must also file with this Court within 30 days thereafter a petition for leave to withdraw from representation evidencing compliance with notice requirements for withdrawal; and counsel must amend the **Anders** brief to include a Rule 2119(f) statement.

Before we address counsel's **Anders** brief, we must consider whether this appeal is timely. We lack jurisdiction to consider untimely appeals, and we may raise such jurisdictional issues *sua sponte.* **See Commonwealth v. Burks**, 102 A.3d 497, 500 (Pa. Super. 2014).

As already noted, sentencing occurred on July 29, 2015. Roberts Paladino filed his post-sentence motion on August 13, 2015, after the 10-day period provided for filing a post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1).[6] As such, the post-sentence motion was untimely.

With regard to the effect of a post-sentence motion on the timeliness of an appeal, this Court has explained:

> In cases where no post-sentence motions (or Commonwealth's motions to modify sentence) are filed, a defendant must file an appeal within 30 days of imposition of sentence in open court. Pa.R.Crim.P. 720(A)(3); Pa.R.A.P. 903(c)(3). If a defendant files

_____

[6] Rule 720(A)(1) provides: "Except as provided in paragraphs (C) and (D), a written post-sentence motion shall be filed no later than 10 days after imposition of sentence."

a **timely** post-sentence motion, the appeal period does not begin to run until the motion is decided. Pa.R.Crim.P. 720(A)(2); Pa.R.A.P. 903(a). Except in circumstances not applicable here, a defendant must file a post-sentence motion within ten days of imposition of sentence. Pa.R.Crim.P. 720(A)(1).

An **untimely** post-sentence motion does not toll the appeal period. ***Commonwealth v. Green***, 2004 PA Super 433, 862 A.2d 613, 618 (Pa. Super. 2004) (*en banc*) ("[T]he time for filing an appeal can be extended beyond 30 days after the imposition of sentence only if the defendant files a timely post-sentence motion.").

\*\*\*\*

Under ***Commonwealth v. Dreves***, 2003 PA Super 503, 839 A.2d 1122, 1128 (Pa. Super. 2003) (*en banc*), a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. "The request for *nunc pro tunc* relief is separate and distinct from the merits of the underlying post-sentence motion." ***Id***. at 1128-29. Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence. ***Id***. at 1128 & n.6. "If the trial court does not expressly grant *nunc pro tunc* relief, the time for filing an appeal is neither tolled nor extended." ***Id***. at 1128. Moreover, "[t]he trial court's resolution of the merits of the late post-sentence motion is no substitute for an order expressly granting *nunc pro tunc* relief." ***Id***. at 1129.

***Commonwealth v. Capaldi***, 112 A.3d 1242, 1244 (Pa. Super. 2015) (emphasis in original).

Here, because Roberts Paladino's post-sentence motion was untimely, it did not extend the 30-day appeal period from the July 29, 2015 judgment of sentence. ***See Calaldi, supra***, *citing* ***Green***. Moreover, Roberts Paladino's motion cannot be regarded as a post-sentence motion *nunc pro*

*tunc* since the motion provided no explanation for the late filing and did not request the trial court to consider the motion *nunc pro tunc.* In addition, the trial court did not expressly grant *nunc pro tunc* relief and, therefore, its decision on the merits does not qualify as an order expressly granting the right to file a post-sentence motion *nunc pro tunc*.

The record, however, reveals extraordinary circumstances exist here that excuse Roberts Paladino's late filing of the appeal. *In Commonwealth v. Patterson*, 940 A.2d 493, 499–500 (Pa. Super. 2007), this Court held that a breakdown in the court's operation occurred where the trial court denied the defendant's untimely post-sentence motion within the appeal period, but failed to apprise him he still had 15 days to file an appeal. Here, as in *Patterson*, the trial court's August 26, 2015, order denying Roberts Paladino's untimely post-sentence motion was filed before the expiration of the 30-day appeal period, and "did not notify [a]ppellant that, due to the late filing of his post-sentence motion, he had to file an appeal within thirty days of the imposition of sentence." *Patterson, supra* at 499. *See* Order, 8/26/2015.[7] Therefore, we are constrained to find that "a court breakdown occurred," *id.*, and will not quash this appeal.

_____

[7] The trial court's order denying Roberts Paladino's post-sentence motion states:

> AND NOW, this is hereby Ordered and Directed that the Motion is denied. [Roberts Paladino] understood when he entered his guilty pleas that he was exposed to 98 years['] incarceration on

*(Footnote Continued Next Page)*

At the outset of our review, however, we detect numerous areas of concern that are cause for remand prior to further review, namely, counsel's failure to preserve issues for appeal, counsel's failure to satisfy the requirements of *Anders*, and counsel's failure to include a Pa.R.A.P. 2119(f) statement in the *Anders* brief. We address these deficiencies sequentially.

First, counsel for Roberts Paladino failed to comply with the trial court's September 21, 2015, order to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The trial court has opined that due to this omission "all issues are deemed waived." Trial Court Order, 11/04/2015.

It is well settled that a defendant's failure to comply with the court's order to file a concise statement in compliance with Rule 1925 generally results in waiver of all issues on appeal. *See Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998); *Commonwealth v. Castillo*, 888 A.2d 775 (Pa. 2005). However, where a criminal defendant's issues are waived on direct appeal under *Lord* due to his attorney's failure to file a Rule 1925(b) statement, it is presumed that the defendant suffered *per se* ineffectiveness. *Castillo, supra* at 780. In this regard, Rule 1925 provides:

*(Footnote Continued)* _____

these 14 separate counts. The sentence imposed was not "unlawful" as the motion suggests.

Order, 8/26/2015.

> If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.

Pa.R.A.P. 1925(c)(3).

Pursuant to the recent amendments to Rule 1925, if counsel intends to submit an *Anders* brief, the proper procedure is provided in Pa.R.A.P. 1925(c)(4). Therefore, at the time the trial court issued its order to file a concise statement, counsel could have either (1) complied with the court's order and filed a Rule 1925(b) statement, or (2) filed a statement of intent to file an *Anders* brief. Here, counsel's failure to file a Rule 1925 statement constitutes *per se* ineffectiveness and deprives Roberts Paladino of meaningful review of his appeal.

Under these circumstances, the most effective means to restore a defendant's rights on appeal is to remand for counsel to comply with the court's Rule 1925(b) order. *See Commonwealth v. McBride*, 957 A.2d 752 (Pa. Super. 2008) (where counsel failed to file court-ordered Pa.R.A.P. 1925(b) statement and filed a brief pursuant to *Anders*, remand required for filing of concise statement followed by preparation of trial court opinion or a statement of intent to file an *Anders* brief in lieu of filing a concise statement). Therefore, we must remand for either:

    (1)    Counsel's filing of a concise statement *nunc pro tunc* and the preparation of an opinion by the trial court,[8] to be followed by counsel's filing of an advocate's brief in this Court, or

    (2)    Counsel's filing of a statement of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4).

Secondly, we note that Roberts Paladino's counsel has not complied with the requirements of **Anders**. "When faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Pursuant to **Anders** and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the procedural requirements counsel must satisfy in requesting to withdraw from representation are, as follows:

> Counsel must: 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*) (citation omitted). Substantial compliance with these requirements is sufficient. **Commonwealth v. Wrecks**, 934 A.2d 1287, 1290 (Pa. Super. 2007).

_____

[8] **See** Pa.R.A.P. 1925(b), (c)(3).

*Santiago* further requires that counsel's *Anders* brief must:

> (1) provide a summary of the facts and procedural history, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Cartrette, supra* at 1032 (citation omitted).

Further, counsel must provide a copy of the *Anders* brief and petition to withdraw to his client, together with a letter that advises his client of the right to:

> (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotations and citation omitted). *See also Commonwealth v. Millisock*, 873 A.2d 748, 751–752 (Pa. Super. 2005) ("[T]he prudent course is to require counsel henceforth to attach to their petition to withdraw a copy of the letter sent to their client advising him or her of their rights. Such a requirement ensures proper notification to the client and relieves this Court of having to make any assumptions..., a burden inappropriate for a reviewing court.").

Instantly, although counsel has filed an *Anders* brief, there is no separate petition to withdraw. We recognize we may treat counsel's request

in the **Anders** brief itself as such a request. **See Commonwealth v. Fischetti**, 669 A.2d 399 (Pa. Super. 1995). (explaining "the more desirable practice would be to submit a separate withdrawal request to the court"). We also note the **Anders** brief certificate of service indicates that the **Anders** brief was mailed to Roberts Paladino by U.S. first class mail. However, there is no indication in the record or filings in this Court that counsel advised Roberts Paladino by letter that he had the right to proceed with newly retained counsel or *pro se*, or raise any points in addition to the points raised by counsel in the **Anders** brief. Therefore, counsel has not properly complied with the technical requirements of **Anders** and its progeny.

Accordingly, if on remand counsel files a statement of intent to file an **Anders** brief in lieu of a concise statement, we direct counsel to file with this Court, within 30 days thereafter, a petition to withdraw from representation, including the appropriate documentation evidencing counsel's compliance with the notice requirements discussed above. **See Orellana, supra; Millisock, supra**.

Next, we address the procedural aspects of counsel's **Anders** brief. Here, the **Anders** brief states that "[a]n appeal of the discretionary aspects of a sentence which was the result of a negotiated plea agreement is patently frivolous." **Anders** Brief at 10, *citing* **Commonwealth v. Reichle**, 589 A.2d 1140. This statement, however, has no application in this case,

given that Roberts Paladino entered an open guilty plea. ***See Commonwealth v. Tirado***, 870 A.2d 362, 368 n.5 (noting that "while a guilty plea which includes *sentence negotiation* ordinarily precludes a defendant from contesting the validity of his or her sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, *open* plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence") (emphasis in original).

Furthermore, although the **Anders** brief addresses "the legality of the sentence" imposed on Roberts Paladino, the discussion is framed in terms of the trial court's deviation from the sentencing guidelines. **Anders** Brief at 11. As such, this issue implicates the discretionary aspects of the sentence. ***See Tirado, supra*** (challenge to sentence outside the guidelines implicates discretionary aspects of sentence). However, the **Anders** brief does not contain a separate statement of reasons relied upon for allowance of appeal, as required by Pa.R.A.P. 2119(f). We may review this issue notwithstanding the absence of a Rule 2119(f) statement. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa. Super. 2009) (examining the merits of a challenge to discretionary aspects of a sentence where counsel failed to include Pa.R.A.P. 2119(f) statement within an **Anders** brief). Nevertheless, since we are remanding this case, we instruct counsel, if he continues to proceed pursuant to **Anders**, to amend the **Anders** brief pursuant to Rule 2119(f).

To summarize, we remand this case to the trial court with the following instructions:

I.   Within 30 days of the date the record is transmitted to the trial court, counsel for Roberts Paladino must file in the trial court either (1) a Rule 1925(b) statement *nunc pro tunc,* or (2) a statement of intent to file an ***Anders*** brief, in accordance with Rule 1925(c)(4).

II.  If counsel files a Rule 1925(b) statement, we direct the trial court to file a Rule 1925(a) opinion within 30 days thereafter, and then promptly certify and retransmit the trial court record to this Court.  Additionally, counsel must file an advocate's brief with this Court within 30 days of the filing of the trial court's opinion.

III. If counsel files a Rule 1925(c)(4) statement of intent to file an ***Anders*** brief, the trial court may determine whether an opinion is necessary, and if not, promptly certify and transmit the trial court record back to this Court.  Additionally, if counsel files a Rule 1925(c)(4) statement, counsel must file in this Court within 30 days thereafter, a petition to withdraw from representation and appropriate documentation evidencing compliance with the notice requirements for withdrawal, **and** an amended ***Anders*** brief that includes a Rule 2119(f) statement.

Case remanded with instructions. Panel jurisdiction retained.