J-S22017-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARRY EDWARD ROUGHT | : | |
| | : | |
| Appellant | : | No. 1807 MDA 2019 |

Appeal from the Judgment of Sentence Entered October 3, 2019
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000560-2019

BEFORE:   OLSON, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY MURRAY, J.:                        **FILED MAY 22, 2020**

Harry Edward Rought (Appellant) appeals from the judgment of
sentence imposed after he pled guilty to possession of a firearm prohibited
and simple assault.[1]   Additionally, Appellant's counsel (Counsel), seeks to
withdraw from representation pursuant to ***Anders v. California***, 386 U.S.
738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa.
2009).   Upon review, we grant Counsel's petition to withdraw and affirm
Appellant's judgment of sentence.

On July 8, 2019, Appellant assaulted the victim by striking her in the
head.   Bradford County police arrested Appellant at his home, where they
discovered a firearm.   On August 28, 2019, Appellant entered an open guilty

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6105(a)(1) and 2701(a)(1).

plea to possession of a firearm prohibited and simple assault. On October 3, 2019, the trial court sentenced Appellant to an aggregate 4 to 10 years of incarceration. That same day, the trial court also sentenced Appellant at a separate docket number to 5 days to 6 months of incarceration for a DUI conviction. The trial court ordered Appellant's underlying sentence to run consecutively to the DUI sentence, for an aggregate 4 years and 5 days to 10 years and 6 months of incarceration. On October 9, 2019, Appellant filed a timely post-sentence motion seeking reconsideration of his sentence, which the trial court denied on October 15, 2019.

This timely appeal followed. Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. On February 4, 2020, Counsel filed an *Anders* brief, in which he argues that Appellant's appeal is frivolous and requests permission to withdraw as counsel.[2] Appellant did not file a response to Counsel's petition.

At the outset, we note the mandates that counsel seeking to withdraw pursuant to *Anders* must follow. These mandates and the significant protection they provide arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. *Commonwealth v.*

_____

[2] Counsel did not file a separate petition to withdraw, but rather set forth his withdrawal request in his *Anders* brief. While this is satisfactory, we prefer that counsel file a separate petition to withdraw. *See Commonwealth v. Fischetti*, 669 A.2d 399, 400 (Pa. Super. 1995) ("Although we believe the more desirable practice would be to submit a separate withdrawal request to the court, we . . . treat counsel's [request] in the brief as such a request.").

- 2 -

*Woods*, 939 A.2d 896, 898 (Pa. Super. 2007). We have summarized the requirements as follows:

> Direct appeal counsel seeking to withdraw under *Anders* must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an *Anders* brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>
> *Anders* counsel must also provide a copy of the *Anders* petition and brief to the appellant, advising the appellant of the right to retain new counsel, proceed *pro se* or raise any additional points worthy of this Court's attention.
>
> If counsel does not fulfill the aforesaid technical requirements of *Anders*, this Court will deny the petition to withdraw and remand the case with appropriate instructions (*e.g.*, directing counsel either to comply with *Anders* or file an advocate's brief on Appellant's behalf).

*Id.* (citations omitted).

> Additionally, as to the content of an *Anders* brief:
>
> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw … must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361. When faced with a purported *Anders* brief, we may not review the merits of the underlying issues without first deciding whether counsel has properly requested permission to withdraw. *Commonwealth v. Wimbush*, 951 A.2d 379, 382 (Pa. Super. 2008) (citation

- 3 -

omitted). If counsel has satisfied the above requirements, it is then this Court's duty to review the trial court proceedings to determine whether there are any other non-frivolous issues that the appellant could raise on appeal. *Commonwealth v. Dempster*, 187 A.3d 266, 272 (Pa. Super. 2018) *(en banc)*.

Instantly, we conclude that Counsel has complied with the requirements outlined above. Counsel filed a petition with this Court stating that after reviewing the record, he finds this appeal to be wholly frivolous. *Anders* Brief at 22. In conformance with *Santiago*, Counsel's brief includes summaries of the facts and procedural history of the case, and discusses the issues he believes might arguably support Appellant's appeal. *See Anders* Brief at 8-11, 13-17. Counsel's brief sets forth his conclusion that the appeal is frivolous and includes citation to relevant authority. *Id.* Finally, Counsel has attached to his petition to withdraw the letter he sent to Appellant, which enclosed Counsel's petition and *Anders* brief. *Id.* at 20, 23. Counsel's letter advised Appellant of his right to proceed *pro se* or with private counsel and to raise any additional issues that he deems worthy of this Court's consideration. *Id.* We thus proceed to review the merits of Appellant's claims.

Counsel's *Anders* brief presents two sentencing issues:

I.    Was the sentence imposed on Appellant excessive in light of Appellant's circumstances, particularly with regard to Appellant's treatment and rehabilitative needs?

II.   Did the trial court abuse its discretion by not running a Simple Assault sentence of six months to 24 months

concurrent with another sentence of 36 months to eight years for a person not to possess [firearm], when both charges arose out of the same incident on the same date?

*Anders* Brief at 4.

Appellant challenges the discretionary aspects of his sentence.[3] "The right to appellate review of the discretionary aspects of a sentence is not absolute, and must be considered a petition for permission to appeal." *Commonwealth v. Buterbaugh*, 91 A.3d 1247, 1265 (Pa. Super. 2014). "An appellant must satisfy a four-part test to invoke this Court's jurisdiction when challenging the discretionary aspects of a sentence." *Id.* We conduct this four-part test to determine whether:

(1) the appellant preserved the issue either by raising it at the time of sentencing or in a post-sentence motion; (2) the appellant filed a timely notice of appeal; (3) the appellant set forth a concise statement of reasons relied upon for the allowance of appeal pursuant to Pa.R.A.P. 2119(f); and (4) the appellant raises a substantial question for our review.

*Commonwealth v. Baker*, 72 A.3d 652, 662 (Pa. Super. 2013) (citation omitted). "A defendant presents a substantial question when he sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Dodge*, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citations omitted).

_____

[3] Appellant only seeks to challenge the discretionary aspects of sentence for his possession and simple assault conviction, which appear at a single docket number. Appellant does not challenge the discretionary aspects of sentence for his DUI conviction. Accordingly, our Supreme Court's directive in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018), is inapplicable.

Appellant filed a timely notice of appeal, preserved his issues in a post-sentence motion, and included in his brief a Pa.R.A.P. 2119(f) statement. ***See Anders*** Brief at 18-19. Therefore, we examine whether Appellant presents a substantial question for review.

Appellant argues that his sentence is excessive. He avers that the imposition of consecutive sentences is unduly harsh, and the trial court failed to adequately consider his rehabilitative needs. ***Anders*** Brief at 12; ***see also*** N.T., 10/3/19, at 8-9. Appellant's raises a substantial question. ***See Commonwealth v. Moury***, 992 A.2d 162, 171-72 (Pa. Super. 2010) ("[T]he imposition of consecutive, rather than concurrent, sentences may raise a substantial question . . . where the aggregate sentence is unduly harsh, considering the nature of the crimes and length of imprisonment."); ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa. Super. 2015) ("This Court has also held that an excessive sentence claim—in conjunction with an assertion that the court failed to consider mitigating factors—raises a substantial question.").

> Sentencing is a matter vested in the sound discretion of the sentencing judge. The standard employed when reviewing the discretionary aspects of sentencing is very narrow. We may reverse only if the sentencing court abused its discretion or committed an error of law. A sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. We must accord the sentencing court's decision great weight because it

was in the best position to review the defendant's character, defiance or indifference, and the overall effect and nature of the crime.

***Commonwealth v. Cook***, 941 A.2d 7, 11-12 (Pa. Super. 2007) (citations omitted).

At sentencing, the trial court commented:

. . . I do have the PSI, which confirms that [Appellant] is thirty-seven, he's married, or he's separated I should say, he was married, is separated, has two children, one is eighteen and one is fourteen or thereabouts. Has a lot on his criminal history, dating back to 2016, is all, so you seemed to have a late start, but from 2016 on, there's quite a bit. A few indirect criminal contempts, few possession charges, a few controlled substances, paraphernalia, mostly possession and drug related offenses, as well as violations of PFAs. He has had a problem with meth, which coincides with his criminal history, in that it didn't start, his problem with meth didn't start until 2014 which is almost two years before his first contact with the criminal justice system. Unfortunately, he's been using it, according to him, on a daily basis. He's also been using heroin as well. Has been clean, I guess, on parole, so he says, and then he had a relapse.

N.T., 10/3/19, at 6.

The court further explained:

All right, so I think we've covered it all, I think the sentences within the standard range makes sense, I'm willing to go at the lower end of the standard range for the most significant offense, or the most significant in terms of it being a felony, which is the mere possession of the weapon, but, the simple assault, I'm going to sentence in the middle of the standard range, which, I think is appropriate. . . . I, I don't believe a low end is appropriate for that given the circumstances.

***Id.*** at 9-10.

We discern no error by the trial court. "[W]here the sentencing court imposed a standard-range sentence with the benefit of a pre-sentence report,

we will not consider the sentence excessive." ***Commonwealth v. Corley***, 31 A.3d 293, 298 (Pa. Super. 2011). Additionally, "[i]n those circumstances, we can assume the sentencing court was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." ***Id.*** Here, in addition to reading and referencing the PSI report, the trial court specifically addressed Appellant's rehabilitative needs and the seriousness of his crimes.

As to consecutive sentences, "long standing precedent . . . recognizes that [the Sentencing Code] affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." ***Commonwealth v. Marts***, 889 A.2d 608, 612 (Pa. Super. 2005). We will not disturb consecutive sentences unless the aggregate sentence is "grossly disparate" to the defendant's conduct, or "viscerally appear[s] as patently unreasonable." ***Commonwealth v. Gonzalez-Dejusus***, 994 A.2d 595, 599 (Pa. Super. 2010).

For the above reasons, we find no merit to Appellant's sentencing claims. Further, our independent review reveals no other non-frivolous issues Appellant could have raised on appeal. ***See Dempster***, 187 A.3d at 272. We therefore grant Counsel's petition to withdraw and affirm Appellant's judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>05/22/2020</u>