J. S17045/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
E. J. STEWART, : No. 1674 MDA 2019
:
Appellant :


Appeal from the Judgment of Sentence Entered September 9, 2019,
in the Court of Common Pleas of Bradford County
Criminal Division at No. CP-08-CR-0000118-2018


BEFORE: PANELLA, P.J., STABILE, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JUNE 16, 2020**

E. J. Stewart appeals from the September 9, 2019 judgment of

sentence, entered in the Court of Common Pleas of Bradford County, following

his resentencing on two counts of the summary offense of disorderly conduct.[1]

The trial court sentenced appellant to an aggregate term of incarceration of

20 to 180 days. Counsel filed a brief pursuant to **Anders**/**Santiago**[2] and an

accompanying petition to withdraw as counsel. After careful review, we affirm

the judgment of sentence and grant counsel's petition to withdraw.

The record reflects that appellant's convictions stem from an argument

he had with a neighbor of the mother of appellant's nine-year-old child.

_____

[1] 18 Pa.C.S.A. §§ 5503(a)(1) and (2).

[2] **Anders v. California**, 386 U.S. 738 (1967); **Commonwealth v. Santiago**,
978 A.2d 349 (Pa. 2009).

*Commonwealth v. Stewart*, 219 A.3d 241 (Pa.Super. 2019) (unpublished memorandum *1; citing trial court opinion, 11/15/18). During the argument, and in the presence of the child, appellant spewed profanities and threatened to "blow [the neighbor's] head off." (*Id.*)

After a bench trial, appellant was found guilty of three summary counts of disorderly conduct under Sections 5503(a)(1),(2) and (3), and sentenced to ten to ninety days' imprisonment on each count, to be served consecutively. On appeal, a previous panel of this court determined that the evidence was insufficient to sustain appellant's conviction under 18 Pa.C.S.A. § 5503(a)(3). This court then vacated appellant's judgment of sentence and remanded for resentencing on appellant's convictions under Sections 5301(a)(1) and (a)(2). *Stewart*, *supra* (unpublished memorandum at *5).

On remand, the trial court resentenced appellant to ten to ninety days' imprisonment on each count, to be served consecutively. Appellant filed a timely post-sentence motion,[3] alleging that the sentence imposed was excessive. The motion was denied and appellant timely appealed. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, appellant's counsel filed

---

[3] Under Pa.R.Crim.P. 720, a post-sentence motion was required because this was not a trial *de novo* from a summary appeal. Here, appellant was originally charged with terroristic threats, harassment and disorderly conduct. 18 Pa.C.S.A. §§ 2706, 2709 and 5503, respectively. Prior to trial, the charges of terroristic threats and harassment were withdrawn and three counts of disorderly conduct were added. *Stewart*, *supra* (unpublished memorandum at *3).

a statement of intent to file an **Anders** brief [4] The trial court then filed its Pa.R.A.P. 1925(a) opinion. Appellant's counsel filed an **Anders** brief and a petition to withdraw.

As a preliminary matter, to withdraw under **Anders**, court-appointed counsel must satisfy certain technical requirements. First, counsel must "petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous." **Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super. 2012), quoting **Santiago**, 978 A.2d at 361. Second, counsel must file an **Anders** brief, in which counsel:

> (1) provide[s] a summary of the procedural history and facts, with citations to the record; (2) refer[s] to anything in the record that counsel believes arguably supports the appeal; (3) set[s] forth counsel's conclusion that the appeal is frivolous; and(4) state[s] counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

With respect to the briefing requirements, "[n]either **Anders** nor **McClendon** requires that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat

---

[4] Counsel incorrectly captioned his statement of intent to file an **Anders**/ **McClendon** brief as a "concise statement of matters complained of on appeal." **See** Pa.R.A.P 1925(c)(4).

the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Santiago*, 978 A.2d at 359, 360.

Finally, counsel must furnish a copy of the *Anders* brief to his client and "advise[] him of his right to retain new counsel, proceed *pro se* or raise any additional points that he deems worthy of the court's attention, and attach[] to the *Anders* petition a copy of the letter sent to the client." *Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa.Super. 2010) (citation omitted). "[If] counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa.Super. 2007) (*en banc*) (quotation marks and quotation omitted).

Initially, we note that counsel has attached his petition to withdraw to his *Anders* brief. The more desirable practice is to file a separate motion to withdraw. *Commonwealth v. Frischetti*, 669 A.2d 399, 400 (Pa.Super. 1995). Nevertheless, our review of counsel's petition to withdraw, supporting documentation, and his *Anders* brief reveals that he has substantially complied with all of the foregoing requirements. Furthermore, counsel also furnished a copy of the brief to appellant, advised him of his right to retain new counsel, proceed *pro se*, and/or raise any additional points that he deems worthy of this court's attention, and attached to his brief a copy of the letter sent to appellant. The letter properly advised appellant of his rights under

*Commonwealth v. Millisock*, 873 A.2d 748, 751-752 (Pa.Super. 2005). As counsel has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***. We, therefore, proceed to conduct an independent review to ascertain whether the appeal is frivolous.

Counsel's ***Anders*** brief raises the following issue:

> Did the trial court abuse its discretion when it sentenced [a]ppellant to an aggregate sentence of 20 days to 180 days?

***Anders*** brief at 3. Appellant challenges the discretionary aspects of his sentence.

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our [c]ourt recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010) (citation omitted; brackets in original).

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. *Commonwealth v. Sierra*, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this [c]ourt's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Moury*, 992 A.2d at 170 (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal and counsel included the requisite Rule 2119(f) statement in his *Anders* brief. In appellant's post-sentence motion, he raised the following issue: "[Appell]ant feels the sentence is excessive." (Appellant's post-sentence motion, 9/16/19 at ¶4.) A reading of counsel's *Anders* brief, however, reveals that appellant's challenge to his sentence is that it is excessive because he was acting to protect his child. (*Anders* brief at 12.) Appellant did not identify the reason why he claims his sentence is excessive in his post-sentence motion and arguably

waived the challenge he now raises. Because counsel has filed an **Anders** brief, however, we will consider the issue on appeal. **See Commonwealth v. Lilley**, 978 A.2d 995, 998 (Pa.Super. 2009) (holding that **Anders** requires this court to review issues otherwise waived on appeal). Accordingly, we must now determine whether appellant raises a substantial question.

> In determining whether a substantial question exists, this [c]ourt does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges is clearly unreasonable. Concomitantly, the substantial determination does not require the court to decide the merits of whether the sentence is clearly unreasonable.

**Commonwealth v. Swope**, 123 A.3d 333, 340 (Pa.Super. 2015) (citation omitted).

We determine whether an appellant raises a substantial question on a case-by-case basis. **See Swope**, 123 A.3d at 338. "A substantial question requires a demonstration that the sentence violates a specific provision of the Sentencing Code or a particular fundamental norm underlying the sentencing process." **Commonwealth v. Fisher**, 47 A.3d 155, 159 (Pa.Super. 2012) (citation and quotation marks omitted), **appeal denied**, 62 A.3d 378 (Pa. 2013).

Here, appellant claims that the trial court abused its discretion by imposing an "unduly" harsh sentence which was inappropriate because "the [incident] arose [out] of a sense of protection for his family member."

(**Anders** brief at 12.) "[A] bald assertion that a sentence is excessive does not by itself raise a substantial question justifying this [c]ourt's review of the merits of the underlying claim." **Commonwealth v. Harvard**, 64 A.3d 690, 701 (Pa.Super. 2013) (citation omitted), **appeal denied**, 77 A.3d 636 (Pa. 2013). Moreover, the sentencing guidelines do not apply to summary offenses.[5] Additionally, Pa.R.Crim.P. 106(c)(2) provides that a person convicted of a summary offense "may be sentenced to a term of imprisonment, the maximum of which is not more than 90 days."

Here, the record reflects that appellant's sentences do not exceed the statutory maximum for each summary offense. Moreover, appellant has failed to identify a violation of any provision of the Sentencing Code. Therefore, appellant's bald assertion fails to raise a substantial question.

Nevertheless, we note that at resentencing the trial court incorporated the reasons for the sentence as stated at the first sentencing hearing; specifically, appellant's recidivism, as follows:

> We start off with 2008 . . . with simple assault, 2014 harassment, 2016 disorderly conduct – fighting, 2017 and 2018 two more harassment offenses. He has received fines and costs for all of those, that's giving, sending a message that it's okay we'll just give you a fine and have you pay the costs again and [], enough is enough. It's time to take these more seriously and try to put a stop to this behavior. If the fines and costs weren't going to do it hopefully a short period of incarceration well [sic] put a stop to this type of behavior.

---

[5] **See** 204 Pa.Code § 303.1(a).

Notes of testimony, 9/9/19 at 3-4. Accordingly, we find no abuse of discretion.

Finally, our independent review of the entire record reveals no additional non-frivolous claims.[6] Therefore, we grant counsel's petition to withdraw and affirm appellant's September 9, 2019 sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/16/2020

---

[6] "Because [a]ppellant had the benefit of a direct appeal, he is barred from raising any issues other than a challenge to the sentence imposed on remand." *Commonwealth v. Williams*, 151 A.3d 621, 625 (Pa.Super. 2016) (citation omitted), *affirmed*, 221 A.3d 262 (Pa. 2019).