J-S29023-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDDIE BOWMAN | : | |
| | : | |
| Appellant | : | No. 2198 EDA 2019 |

Appeal from the Judgment of Sentence Entered February 27, 2019
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s):  CP-39-CR-0002234-2018

BEFORE:   PANELLA, P.J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                 **FILED NOVEMBER 09, 2020**

Appellant Freddie Bowman appeals from the judgment of sentence[1]
imposed after he pled *nolo contendere* to one count of possession with intent
to deliver cocaine (PWID).[2]  Appellant's present counsel (Counsel) has filed an
***Anders***/***Santiago***[3] brief seeking leave to withdraw.  We affirm and grant
Counsel leave to withdraw.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant captioned his notice of appeal as an appeal from the order denying
his timely post-sentence motion.  However, the appeal properly lies from
judgment of sentence. ***See Commonwealth v. Chamberlain***, 658 A.2d 395,
397 (Pa. Super. 1995).  We have amended the caption accordingly.

[2] ***See*** 35 P.S. § 780-113(a)(30).

[3] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***,
978 A.2d 349 (Pa. 2009).

The factual history of this appeal is as follows:

[On] May 12, 2018, [at] approximately 9:10 p.m. at the Madison Inn[,] which is located at 1325 Turner Street in Allentown, Lehigh County[,] the Allentown Police were conducting a drug investigation.[4] Detective [Damien] Lobach made contact with [Appellant] inside of the Madison Inn and found that [Appellant] was in possession of a quantity of crack cocaine inside of his sweatshirt. [Appellant] was then later detained, placed in the rear of Officer [Bryan] Guzley's patrol vehicle, [and] transported to headquarters. When [Appellant] was removed from the vehicle, a subsequent search of the passenger compartment revealed an additional quantity of cocaine on the floor. The aggregate amount of the cocaine was approximately 5.21 grams . . . . [The contraband] was submitted to the lab and confirmed positive for cocaine.

N.T. Plea & Sentencing, 2/27/19, at 14-15. Appellant was charged with two counts of PWID and two counts of possession of cocaine.

The trial court summarized the procedural history of this case as follows:

On August 13, 2018, [Appellant's plea counsel[5]] filed "Omnibus Pre-Trial Motions," including a "Motion to Suppress Search and Seizure of Defendant's Person." Throughout the proceedings, [A]ppellant, although represented by [plea] counsel, filed his own pretrial motions. His attempts at hybrid representation were rebuffed. Hearings were held on the suppression motion on August 29, 2018, October 16, 2018, and November 20, 2018. Th[e trial c]ourt denied the suppression motion with an opinion filed on January 24, 2019.

_____

[4] The record indicates that a confidential informant purchased cocaine from Appellant shortly before the police entered the Madison Inn. *See* Trial Ct. Op., 8/30/19, at 2; *see also* Aff. of Probable Cause, 5/12/18, at 1.

[5] Appellant was represented by separate counsel at the plea hearing. As noted below, the trial court appointed Counsel to represent Appellant at the hearing held on Appellant's post-sentence motion to withdraw his plea.

[A]ppellant's trial was scheduled to commence on February 27, 2019, but on that date [A]ppellant entered a *nolo contendere* plea to one (1) count of [PWID]. Th[e trial c]ourt was alerted to [A]ppellant's decision to enter a plea the day prior to the plea. As a result, jurors were not summoned for trial. Although he eventually entered a plea, prior to actually doing so, [A]ppellant vacillated on his decision. In response to [A]ppellant's indecisiveness, th[e trial court] selected a new date for trial, but advised the parties of future limitations on any plea agreement.[6] [A]ppellant then requested additional time to speak with his [plea] counsel. A recess was taken, and after court reconvened, [A]ppellant entered his plea to [PWID].[7] The terms of the plea limited his minimum sentence to twelve (12) months[' imprisonment].

A full oral colloquy was conducted with [A]ppellant. [A]ppellant also completed a written colloquy, which was reviewed with him as part of the oral colloquy. Following [A]ppellant's plea, he waived a presentence report and a sentencing hearing was held. [A]ppellant had a prior record score of five (5), including a felony drug conviction, and was on county supervision when he committed these offenses.[8] At the conclusion of the sentencing hearing, [A]ppellant was sentenced to not less than twelve (12) months nor more than thirty-six (36) months in a state correctional institution. He was also made RRRI[9] eligible, and his RRRI minimum was nine (9) months. Under the terms of the plea agreement, as presented, the minimum sentence [A]ppellant received was the bottom of the standard range of the Sentencing Guidelines.

On March 7, 2019, [plea] counsel for [A]ppellant, acting upon [A]ppellant's demand, filed a "Motion to Withdraw *Nolo*

---

[6] The trial court indicated that it would only accept an open plea before the new trial date. N.T. Plea & Sentencing at 4.

[7] Specifically, Appellant pled *nolo contendere* to Count 2 of the information for the cocaine that Detective Lobach recovered from Appellant. ***See id.*** at 7.

[8] We address Appellant's appeal from the violation of parole proceeding in the appeal listed at J-S29024-20.

[9] The Recidivism Risk Reduction Incentive program. ***See*** 61 Pa.C.S. §§ 4501-4512.

*Contendere* Plea." Once again, [A]ppellant filed a series of documents related to pretrial issues which were denied. Due to [A]ppellant's stormy relationship with his [plea] counsel, including a complaint to the Disciplinary Board, [Counsel] was appointed to represent [A]ppellant.

A hearing on the motion to withdraw [A]ppellant's plea was held on July 10, 2019. [At the hearing, Appellant testified that he did not want to "take the plea" and he felt like he "was forced to by the judge." N.T. Mot. to Withdraw *Nolo Contendere* Plea (Withdrawal H'rg), 7/10/19, at 8. A]ppellant was unable to establish any manifest injustice related to his plea, and his motion was denied. A Notice of Appeal was filed on August 5, 2019, and th[e trial c]ourt directed [A]ppellant to comply with Pa.R.A.P. 1925(b). Counsel did so, and filed a "Concise Statement of Reasons Complained of on Appeal," alleging it was error not to permit [A]ppellant to withdraw his plea.

Trial Ct. Op., 8/30/19, at 2-3.

The trial court filed a responsive Rule 1925(a) opinion concluding that "the denial of [A]ppellant's post-sentence motion to withdraw his plea should be affirmed." *Id.* at 7. The trial court noted that it engaged in a thorough colloquy with Appellant that covered "all of the required areas, including the terms and conditions of his plea agreement." *Id.* at 6. The trial court continued:

[A]ppellant had every right not to enter a plea, and when he initially decided not to do so, he was provided a new trial date. It was his decision to consult further with his counsel, and after doing so, returned to the courtroom and entered his plea knowingly, intelligently and voluntarily. During the colloquy [on the record], [A]ppellant was asked if he was forced to enter his plea and he responded "no." His written colloquy reflects the same answer.

*Id.* (footnotes omitted). The trial court noted that Appellant "was not unsophisticated to the criminal justice system" and characterized Appellant's

- 4 -

claim that he felt forced by the trial court to enter a plea to be "illusory," manipulative, and "fabricated." *Id.* (footnote omitted). The trial court concluded that Appellant "failed to demonstrate that prejudice on the order of manifest injustice would result if he was not permitted to withdraw his plea." *Id.* (footnote omitted).

Counsel has filed an ***Anders***/***Santiago*** brief asserting that the instant appeal is frivolous. ***Anders***/***Santiago*** Brief at 8. According to Counsel, Appellant intends to appeal the denial of his motion to withdraw his plea because "Appellant believes it was an improper ruling." *Id.* at 9-10. Appellant has not filed a response either *pro se* or through new counsel.

"When faced with a purported ***Anders*** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw." ***Commonwealth v. Wimbush***, 951 A.2d 379, 382 (Pa. Super. 2008) (citation omitted). Counsel must comply with the technical requirements for petitioning to withdraw by (1) filing a petition for leave to withdraw stating that after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) providing a copy of the brief to the appellant; and (3) advising the appellant that he has the right to retain private counsel, proceed *pro se*, or raise additional arguments that the appellant considers worthy of the court's attention. ***See Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Additionally, counsel must file a brief that meets the requirements established by the Pennsylvania Supreme Court in *Santiago*, namely:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Goodwin*, 928 A.2d at 291 (citation omitted). This includes "an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citation and footnote omitted); *accord Commonwealth v. Yorgey*, 188 A.3d 1190, 1197 (Pa. Super. 2018) (*en banc*).

Here, Counsel has adequately complied with the procedures for seeking withdrawal. Although Counsel has not separately filed a petition to withdraw,

he included a copy of a petition in his ***Anders***/***Santiago*** brief.[10]  Counsel indicates that he has thoroughly reviewed the record and found no meritorious issues for appeal.  Counsel's brief did not include a copy of his letter advising Appellant of his of his right to proceed *pro se* or with new private counsel.  However, Counsel has complied with this Court's order to file copies of the letter.  In his letter to Appellant and his brief, Counsel has asserted that he provided copies of his brief to Appellant.  **See** Resp. to Order, 3/19/20; ***Anders***/***Santiago*** Brief at 12-13.  Moreover, Counsel's brief substantially complies with the requirements of ***Santiago***.  Therefore, we proceed to consider Counsel's assessment that the appeal is frivolous.

As noted above, Counsel identifies Appellant's intended challenge to the denial of his post-sentence motion to withdraw his *nolo contendere* plea.  ***Anders***/***Santiago*** Brief at 8.  Counsel emphasizes that "the [t]rial court went through the standard Lehigh County [g]uilty plea [c]olloquy with . . . Appellant on the record."  ***Id.*** at 11.  Counsel adds that Appellant "swore to tell the truth."  ***Id.***  Counsel continues:

> Appellant stated that he understood the plea agreement, the charges he was pleading to, that he was doing this voluntarily of his own freewill, no one made any threats or promises to him, and he did not have any drugs or alcohol prior to him entering his *nolo*

---

[10] Although this Court may accept a petition to withdraw included within an ***Anders***/***Santiago*** brief, we remind Counsel that "the more desirable practice would be to submit a separate withdrawal request to the court . . . ." ***Commonwealth v. Fischetti***, 669 A.2d 399, 400 (Pa. Super. 1995) (citation omitted and quotation marks omitted).

*contendere* [plea] that would [a]ffect his ability to understand the proceedings.

*Id.* Counsel further notes that "Appellant was told prior to him entering his plea what the [trial court] was going to sentence him to." *Id.* Counsel concludes that "Appellant [cannot] show manifest injustice" to justify a post-sentence withdrawal of his plea. *Id.*

> This Court has explained that
>
> the decision to allow a defendant to withdraw a plea post-sentence is a matter that rests within the sound discretion of the trial court. Moreover, a request to withdraw a guilty plea after sentencing is subject to higher scrutiny since courts strive to discourage the entry of guilty pleas as sentence-testing devices. Therefore, in order to withdraw a guilty plea after the imposition of sentence, a defendant must make a showing of prejudice which resulted in a manifest injustice. A defendant meets this burden only if he can demonstrate that his guilty plea was entered involuntarily, unknowingly, or unintelligently.
>
> Once a defendant enters a guilty plea, it is presumed that he was aware of what he was doing. Consequently, defendants are bound by statements they make during their guilty plea colloquies and may not successfully assert any claims that contradict those statements.

*Commonwealth v. Culsoir*, 209 A.3d 433, 437 (Pa. Super. 2019) (citations omitted and formatting altered).

Although not constitutionally mandated, a proper plea colloquy ensures that a defendant's plea is truly knowing and voluntary. *Commonwealth v. Maddox*, 300 A.2d 503, 504 (Pa. 1973). "A valid plea colloquy must delve into six areas: 1) the nature of the charges, 2) the factual basis of the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended

sentence." *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015) (citations and quotation marks omitted); *see also* Pa.R.Crim.P. 590, cmt. (setting forth a non-exhaustive list of questions a trial judge should ask before accepting a plea).

Further, nothing in Rule 590 "precludes the supplementation of the oral colloquy by a written colloquy that is read, completed, and signed by the defendant and made a part of the plea proceedings." *Commonwealth v. Bedell*, 954 A.2d 1209, 1212-13 (Pa. Super. 2008) (citation omitted). "In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018) (citation omitted).

Instantly, the record supports the trial court's conclusions that Appellant entered his plea knowingly, intelligently, and voluntarily and that Appellant failed to establish manifest injustice. *See* Trial Ct. Op. at 6. The Commonwealth summarized the nature of the charge and the factual basis of Appellant's plea on the record. *See* N.T. Plea & Sentencing at 7, 14-15. Appellant also executed a written plea colloquy that indicated Appellant understood the charge and the elements of the offense. *See* Written Colloquy, 2/27/19, at ¶¶ 10-11. Both the written and oral colloquies comprehensively recited Appellant's right to a jury trial, including the presumption of innocence.

*See id.* at ¶¶ 12-23; N.T. Plea & Sentencing at 17-18. The trial court further explained the maximum sentencing range and even informed Appellant of the actual sentence it would impose if Appellant entered his plea. *See* N.T. Plea & Sentencing at 10. Lastly, when the trial court asked Appellant if he was pleading of his own free will and voluntarily, Appellant responded, "Yes," and when asked if he was forced to enter his plea, Appellant responded, "No." *Id.* at 18-19.

To the extent Appellant asserted that he felt pressured by the trial court, the trial court thoroughly examined the totality of the circumstances surrounding the entry of Appellant's plea. *See* Trial Ct. Op. at 6. As noted by the trial court, when Appellant initially balked at entering a plea, the trial court began scheduling a new trial date. *See id.*; N.T. Plea & Sentencing at 2-5. After the trial court noted that that any delay would be attributable to Appellant for the purpose of a prompt trial claim and that the court would only accept an open plea before the new trial, Appellant then stated that he needed more time to talk to plea counsel. N.T. Plea & Sentencing at 4-5. The trial court then recessed for a ten-minute break to schedule the trial date. *Id.* at 6. When the hearing reconvened, the Commonwealth announced that Appellant intended to plead guilty, and the trial court then conducted the above discussed colloquy with Appellant and thereafter, Appellant entered his *nolo contendere* plea. *Id.* at 7-20.

Based on the foregoing, we agree with Counsel's assessment that Appellant's intended argument was frivolous. The trial court considered the record evidence, including the colloquies, and properly determined that Appellant failed to demonstrate manifest injustice warranting a post-sentence withdrawal of his *nolo contendere* plea. Furthermore, our review reveals no other non-frivolous issues in this appeal. ***See Flowers***, 113 A.3d at 1250. Accordingly, we affirm the judgment of sentence and grant Counsel's request to withdraw.

Judgment of sentence affirmed. Counsel is granted leave to withdraw.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/9/20