J-S17015-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BRADLEY ALLEN BARTHOLOMEW | : | |
| | : | |
| Appellant | : | No. 2501 EDA 2023 |

Appeal from the Judgment of Sentence Entered August 14, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s):  CP-45-CR-0000547-2018

BEFORE:  BOWES, J., KING, J., and BENDER, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 08, 2024**

Bradley Allen Bartholomew appeals from the judgment of sentence of one to three years of incarceration imposed after the trial court revoked his probation.  Before this Court, Bradley W. Weidenbaum, Esquire, has petitioned to withdraw as Appellant's counsel and filed a brief pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After review, we deny the petition to withdraw.

As we deny the petition due to a procedural defect, we dispense with a history of Appellant's conviction, sentencing, and two probation revocations underlying the instant matter.  For purposes of our disposition, we need only relate that Appellant was represented by private counsel, William Austin Watkins, Esquire, during the probation revocation proceedings.  Attorney Watkins filed a petition to withdraw on September 6, 2023, noting that Appellant wished to appeal but that their fee arrangement did not extend to

an appeal. The trial court ordered Attorney Watkins to file a protective notice of appeal, and subsequently appointed Attorney Weidenbaum. The trial court ordered counsel to file a concise statement of matters complained of on appeal.

On November 14, 2023, Attorney Weidenbaum filed in the trial court a "no merit" letter and accompanying brief, requesting permission to withdraw. Two days later, counsel filed with this Court an application to dismiss the appeal, representing that "there are no justiciable issues of merit." Application to Dismiss Appeal, 11/16/23, at unnumbered 1. We denied the application without prejudice for counsel to file a brief pursuant to *Anders* and *Santiago*.[1] Notwithstanding the "no merit" determination, Attorney Weidenbaum did not file a Pa.R.A.P. 1925(c)(4) statement of intent to withdraw.[2] Nor did he file a Rule 1925(b) concise statement. Instead, counsel filed an *Anders* brief with the trial court, which included a certificate of service stating that a copy was sent to Appellant on January 29, 2024. The trial court transmitted the record to this Court without an opinion, and Attorney Weidenbaum subsequently filed an *Anders* brief in this Court, which is largely identical to that filed with the trial court. The brief to this Court includes a

_____

[1] The trial court likewise denied the petition to withdraw, informing Attorney Weidenbaum that this was a direct appeal and that the *Anders* procedures applied.

[2] "If counsel intends to seek to withdraw in a criminal case pursuant to *Anders/Santiago* . . . counsel shall file of record and serve on the judge a statement of intent to withdraw in lieu of filing a Statement[.]". Pa.R.A.P. 1925(c)(4).

certificate of service, dated March 7, 2024, attesting that counsel mailed a copy to Appellant.

The **Anders** framework "protect[s] indigent defendants' constitutional right to appellate counsel," and "courts must safeguard against the risk of granting such requests [to withdraw] in cases where the appeal is not actually frivolous." **Smith v. Robbins**, 528 U.S. 259, 264 (2000). In this Commonwealth, we protect that constitutional right by requiring petitioning counsel to comply with a series of procedural steps, in addition to the substantive principles of law attending to our review of the brief accompanying the withdrawal request. We do not examine the merits of the issues raised in the brief "without first reviewing the request to withdraw." **Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005). Therefore, we consider counsel's petition at the outset. Our precedent requires counsel to follow these steps:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*).

Counsel has not separately petitioned to withdraw, instead requesting permission in the last paragraph of the brief. **Anders** brief at 24 ("[F]or the reasons submitted above undersigned counsel respectfully submits this

***Anders*** [b]rief and requests leave to withdraw.").  While the preferable practice is filing a separate petition to withdraw, we may treat the motion as properly before the Court.  ***See Commonwealth v. Fischetti***, 669 A.2d 399, 400 (Pa.Super. 1995).

Beginning with the first requirement, counsel states that he conducted a "careful review of the record," but does not separately set forth a conclusion that any appeal would be frivolous.  ***Anders*** brief at 11.  Instead, he pairs this statement with a "belie[f] that [A]ppellant was given the benefit of the doubt by the sentencing court," and that "the sentencing court did not abuse its discretion when it revoked [A]ppellant's probation and incarcerated him." ***Anders*** brief at 11.  In the absence of a separate petition to withdraw, we elect to examine the ***Anders*** brief itself for indications that counsel reviewed the entire record, mindful that we are not assessing the merits at this stage of our analysis.  While a separate petition with explicit language regarding counsel's review and determination of frivolity would eliminate the need to make assumptions about counsel's performance, we recognize that this is an appeal from a probation revocation sentence and the universe of potential appellate claims is limited.  We may review discretionary aspects of sentencing claims, which would require Appellant to establish, *inter alia*, a substantial question warranting review.  ***See Cartrette***, 83 A.3d at 1038.  Otherwise, review is generally, if not exclusively, "limited to determining the validity of the probation revocation proceedings and the authority of the sentencing court to consider the same sentencing alternatives that it had at the time of the

initial sentencing." ***Commonwealth v. Fish***, 752 A.2d 921, 923 (Pa.Super. 2000).

Attorney Weidenbaum clearly considered these issues. The ***Anders*** brief cites the transcripts in addressing the issues presented therein, which establishes that counsel reviewed relevant portions of the record. We accordingly find that Attorney Weidenbaum substantially complied with this requirement. ***See Commonwealth v. Wrecks***, 934 A.2d 1287, 1289–90 (Pa.Super. 2007) (concluding that counsel's petition to withdraw "substantially, if not perfectly, complies with ***Anders***").[3]

We discuss the second and third requirements together. In ***Commonwealth v. Millisock***, 873 A.2d 748 (Pa.Super. 2005), we encountered a brief in which counsel averred that he sent a letter to Millisock informing him of the right to obtain new counsel. This was a misstatement, as that implied Millisock was entitled to a new appointed attorney instead of relating his right to proceed *pro se* or retain new counsel. We thus denied the request to withdraw. Separately, we held that the petition to withdraw and/or ***Anders*** brief must include a copy of the letter. ***Id***. at 752.

_____

[3] Insofar as the absence of a separate petition to withdraw has prompted expanding our scope of review to the entire record, we note that Attorney Weidenbaum's "no merit" brief confirmed that he reviewed the record. ***See*** No Merit Brief, 11/14/23, at unnumbered 6 ("Undersigned counsel has reviewed the sentencing and probation violation record in this matter and believes upon current record and case law that there is no justiciable meritorious issue for this [c]ourt to determine.").

The **Millisock** case does not strictly require that a letter be sent, only that any letter sent be attached. **See Commonwealth v. Woods**, 939 A.2d 896, 900 (Pa.Super. 2007) (describing **Millisock** as imposing a "duty to attach to the withdrawal petition a copy of any letter used by counsel to advise the appellant of the rights associated with the **Anders** process"). Again, we must consult the **Anders** brief for indications of compliance, accepting *arguendo* that counsel's informing Appellant of his rights within the brief itself would be sufficient. That review establishes that counsel did not send Appellant anything other than the **Anders** brief, which compels a finding that he did not apprise Appellant of his rights.[4]

We therefore conclude that counsel failed to comply with the procedural requirements, and direct Attorney Weidenbaum to send Appellant a letter detailing Appellant's right to obtain private counsel or raise additional arguments with this Court, the **Anders** brief, and an application to withdraw which complies with **Millisock**. Counsel shall comply with this mandate within thirty days of the filing date of this memorandum and shall file the application

_____

[4] Additionally, we note that Appellant received two **Anders** briefs: the one filed with the trial court instead of a concise statement, and the other brief filed in this Court. In the absence of further guidance by letter or other communication as to his rights, Appellant may well have been confused given that he received two briefs. The possibility of confusion is heightened by counsel's erroneous "no merit" filing, which requested that the trial court "extend to [A]ppellant [twenty-one] additional days if he wishes to file a *pro se* 1925(b) statement." No Merit Letter, 11/14/23, at unnumbered 1.

to withdraw and accompanying letter with this court. Appellant may respond within forty-five days of receiving these materials.

Application of Bradley W. Weidenbaum, Esquire, to withdraw as counsel denied. Panel jurisdiction retained.